THE ULSTER COUNTY SAVINGS INSTITUTION *v.* JOHN J. LEAKE et al., Respondents, THE HOWE INSURANCE COMPANY, Appellant.

Where a mortgagor has procured an insurance for his own benefit — loss payable to the mortgagee — the mortgagee may, by an independent contract with the insurer, protect his interest against the acts of the mortgagor upon such terms and conditions as he may secure from the insurer, provided they do not impair or affect the rights of the mortgagor.

Plaintiff held a mortgage upon certain real estate, containing a clause requiring the mortgagor to procure an insurance for the benefit of the mortgagee. The owner of the real estate procured an insurance, "loss payable to the mortgagee." Plaintiff had an independent contract with the insurance company, by the terms of which all policies of the company assigned to or held by plaintiff as mortgagee should be binding and its interest absolutely insured, and providing for subrogation in case the policy should be void as to the mortgagor. By breach of a condition in the policy, it became forfeited as to the owner. A loss having occurred, the company paid the loss to plaintiff, taking an assignment of so much

of the mortgage subject to the payment of the balance due plaintiff. In a contest as to surplus moneys arising on sale, under a judgment in an action brought to foreclose the mortgage, *held*, that the agreement between plaintiff and the insurer, and the assignment thereunder, was valid, and the latter was entitled to the surplus; that the owner, having forfeited her rights under the policy, was not entitled to the benefit of the payment, and was not injured by the assignment; that it could not be inferred that the insurer waived the forfeiture and so paid the insurance, as from the fact that it exacted and procured the assignment to which it was entitled under its contract with plaintiff, the conclusion was irresistible that it simply paid in compliance with the obligations of that contract.

*Waring* v. *Loder* (53 N. Y. 58) ; and *Graves* v. *H. Ins. Co.* (10 Allen, 281), distinguished.

*King* v. *S. M. F. Ins. Co.* (7 Cush., 1), disapproved.

*The U. C. Savings Institution* v. *Decker* (11 Hun, 515), reversed.

(Argued March 10, 1878 ; decided March 26, 1878.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, affirming an order of Special Term in reference to distribution of surplus moneys arising on sale under a judgment of foreclosure herein.

The facts appear sufficiently in the opinion.

*Chas. A. Fowler*, for Home Insurance Company, appellant. The provision of the policy, that other insurance, without consent of the insurer, should avoid the policy, was a valid and binding element of the contract between the parties. (*Potter* v. *O. and L. Ins. Co.*, 5 Hill, 147; *Egan* v. *W. Ins. Co.*, 5 Den., 326; *Mullen* v. *H. F. Ins. Co.*, 17 N. Y., 609; *Benedict* v. *Ocean Ins. Co.*, 31 id., 389, 391.) Plaintiff had a right, as mortgagee, to procure insurance on its interest, and the appellant had a right to insure it. (*Excel. F. Ins. Co.* v. *R. Ins. Co.*, 55 N. Y., 343, 353; *Foster* v. *Van Reed*, Ct. of App., June, 1877.)

*J. Newton Fiero* and *S. L. Magoun*, for respondents. The attempt of the insurance company to guarantee the payment of the mortgage was *ultra vires* and conferred no benefit upon the insured. (*Foster* v. *Van Reed*, 5 Hun, 321;

*Excel. F. Ins. Co.* v. *Royal F. Ins. Co.*, 55 N. Y., 343, 358; *Kernochan* v. *N. Y. Bowery Ins. Co.*, 17 id., 428; *Bk. of Augusta* v. *Royal Ins. Co.*, 55 id., 343; *Curtiss* v. *Leavitt*, 15 id., 9; *Utica Ins. Co.* v. *Scott*, 19 J. R., 1; *Barry* v. *Mer. Ex. Co.*, 1 Said. Ch., 80; *Straus* v. *Eagle Ins. Co.*, 5 Ohio St., 59; *N. Y. Ins. Co.* v. *Sturges*, 2 Cow., 664; *N. Y. Ins. Co.* v. *Ely*, 5 Conn., 560.) The appellant insured the owner of the equity of redemption, and the money realized from the policy must inure to her benefit and that of her privies. *Clinton* v. *Hope Ins. Co.*, 45 N. Y., 467; *Cone* v. *Nassau Ins. Co.*, 60 id., 624.) The payment of the amount of the policy was not on account of and under the private agreement between the Home Insurance Company and plaintiff, and must be regarded as a payment to the party insured. (*Waring* v. *Loder*, 53 N. Y., 581, 586; *King* v. *State Mut. Ins. Co.*, 7 Cush., 1; Thomas on Mort., 179–184.)

CHURCH, Ch. J. This is a contest between the Home Insurance Company as assignee in part of the mortgage to foreclose which this action was brought, and the decree of foreclosure obtained thereon, and the owner of the equity of redemption, and the owners of incumbrances upon the equity of redemption to surplus moneys arising upon the sale.

The insurance company had issued a policy upon the property upon the application of the plaintiff for $3,000. The plaintiff's mortgage contained a clause requiring the mortgagor to procure an insurance for the benefit of the mortgagee, and in case of neglect to do so, authorizing the mortgagee to insure, and retain a lien for the premium. The policy was issued to Mrs. Signor, the grantee of the equity of redemption, the loss payable to the mortgagee. The buildings insured were destroyed by fire after the decree and before the sale. The policy contained the usual conditions, and among others that if the assured had, or should thereafter make, any other insurance on the property, without the consent of the company written on the policy, it should be

void.    It was found by the judge, at Special Term, that there
was other insurance on said property by the assured to the
amount of $4,000, which the Home Insurance Company had
no knowledge of, and to which it had not consented.    The
policy therefore became void, and ceased as a contract of
insurance of the interest of Mrs. Signor, the owner of the
equity of redemption, and the insurance company, according
to the terms of the policy, was under no legal obligation to
pay the amount.    The payment was made in pursuance of
an agreement between the plaintiff and the insurance com-
pany, made in 1869, several years prior to the issuing of the
policy, by which the insurance company agreed that all the
policies of fire insurance issued by it, which were or might
be assigned or held by the plaintiff as mortgagee, should be
binding upon the insurance company, and that the interest
of the said mortgagee should be absolutely insured against
any loss, except such as might happen by means of invasion,
etc.    The contract also provided that in case of loss, " when
under the circumstances of the case the policy may be deemed
invalid as to the interest of the mortgagor," the plaintiff
should assign the bond and mortgage to the insurance com-
pany, " it being understood that the only object of the agree-
ment is to protect the mortgagee from loss."    The agreement
in substance provided for subrogation in case the policy was
void as to the interest of the mortgagor.    It was a contract
for absolute indemnity, but for indemnity only, and the ques-
tion is whether the insurance company is entitled to the ben-
efit of the contract.    It is well-settled that a mortgagee may
insure his interest as such in the property, independent of
the mortgagor, and if he does it at his own expense, upon
his own motion, and for his sole benefit, the insurer on
making compensation is entitled to an assignment of the
rights of the insured (*Excelsior Ins. Co.* v. *Royal Ins.
Co.*, 55 N. Y., 343), and in such a case if a special agree-
ment is made for subrogation, there can be no doubt of its
validity and binding force.    If by any arrangement between
the mortgagor and mortgagee, the insurance is effected for

the benefit of the mortgagor, or if the mortgagor pays the premium and loss ensues, the mortgagor is entitled to the benefit of it by having it applied in payment of his mortgage. The interests of the mortgagor have been uniformly protected by the courts, and in one case this court held that a parol understanding unknown to the insurer, between mortgagor and mortgagee, would defeat his right of subrogation. (*Kernochan* v. *N. Y. Bowery Insurance Company*, 17 N. Y., 428.) But the question presented here is whether it is not competent for a mortgagee to protect his interest against the acts of the mortgagor, in a case where the insurance is taken for the benefit of the latter, upon such terms and conditions as he may secure from the insurer. It is very clear that he cannot impair or affect the rights and interests of the mortgagor by any contract with the insurer, or otherwise, but may he not protect himself beyond the power of the mortgagor to effect his interest ?

The policy was issued upon certain conditions, and it became forfeited by a palpable breach of one of them. If there had been no other contract the insurer would have been under no legal obligation to pay anything. The agreement in question provided substantially for an unconditional insurance of the interest of the mortgagee, and, in the event that the policy was invalid as to the mortgagor, for subrogation. The contract does not affect or purport to interfere with rights of any mortgagor who may procure, or for whose benefit an insurance may be procured. It merely provides for protecting the interest of the mortgagee after the interest of the mortgagor has ceased, and I am unable to perceive any valid reason why such a contract may not be made and enforced. I have examined with care the able argument of counsel, and the opinions of the General and Special Terms, and I find myself unable to concur with the conclusion at which they have arrived. The suggestion that the policy was a collateral security, procured and furnished by the mortgagor, is answered by the fact that the security she furnished was rendered invalid by her act,

and was void. The insurance company might have waived the forfeiture and paid the amount upon the policy, but it cannot be affirmed that it did this for the reason that it was bound to pay the money upon the contract of 1869, irrespective of the forfeiture of the policy, and it exacted and procured the assignment to which it was entitled by the terms of that contract, and the conclusion is irresistible that it paid in compliance with the obligations of that contract. The provision for subrogation, it may be presumed, was a part of the consideration for the absolute insurance of the interest of the mortgagee. The insurer agreed to unqualified indemnity against loss on condition of subrogation.

Courts cannot change the contracts of parties, and there is no justification for striking out the condition. The mortgagor was not injured by this contract. If it had not been made she could not have received any benefit from the policy. It was an independent contract for the benefit of the mortgagee, and the circumstance that the mortgagor also had a policy does not affect it when the contingency rendering it operative occurs.

I have examined all the authorities cited, and none of them, especially in this State, favor the views of the respondents. In *Waring* v. *Loder* (53 N. Y., 581), so largely relied upon, the policy was a subsisting valid policy in favor of the mortgagor, and this court held that in such a case the mortgagee could not, by an arrangement with the insurance company, deprive the former of the benefit of the policy, and this vital distinction exists in all the cases cited. The validity of such a contract as this was distinctly recognized in *Springfield Insurance Company* v. *Allen* (43 N. Y., 389). In *Graves* v. *Hampden Fire Insurance Company* (10 Allen, 281) there was no express stipulation for subrogation, and the court denied that right to the insurer. The same court had previously held that an insurer was not entitled to subrogation from a mortgagee who had insured as such at his own expense and for his own benefit (*King* v. *Sun Mut. F. Ins. Co.*, 7 Cush., 1), a doctrine which has not been adopted in this State. (Thomas on Mortgages, 183.)

It follows that upon the facts as found by the Special Term, the order of the General and Special Terms must be reversed, and a rehearing ordered.

All concur.

Order reversed.