CORTELYOU, EGE & VANZANDT V. JUSTIN McCARTHY,
SR.

FILED OCTOBER 4, 1893.    No. 4626.

1. **Trial:** CHANGE OF VENUE: MISCONDUCT OF JURY: REVIEW.
Where only questions of fact are involved, as respects either the
ruling of the trial court upon motions supported and resisted
by affidavits, or upon the sufficiency of the evidence to sustain
the verdict, such rulings will not be disturbed unless clearly
wrong.

2. An Instruction requested, which directed a verdict for either party upon an issue of fact which ignored the material question of fact in issue, was properly refused.

3. Instructions. The trial court cannot properly be requested to instruct the jury what comparative importance shall by the jury. be attached to instructions given, even though a portion of such instructions was given at the request of one of the parties to the action.

ERROR from the district court of Holt county. Tried below before HOPEWELL, J.

*H. M. Uttley* and *E. W. Adams,* for plaintiffs in error.

*H. E. Murphy* and *M. F. Harrington, contra.*

RYAN, C.

This action was begun before a justice of the peace of Holt county, Nebraska, on July 18, 1888, by the plaintiffs in error, against the defendant in error, for the possession of certain cattle, horses, hogs, and farm implements mortgaged by the defendant to the plaintiffs. The value of the property having been found by the appraisers to be $425, the proceedings were certified to the district court of said county. Upon proper issues the jury in that court found for the defendant and assessed the value of the replevied property at the sum of $1,025.50, and the damages for the wrongful detention of the same at $113.75, upon which judgment was duly rendered.

The errors alleged will be considered, as nearly as may be, in the same order as they are discussed in plaintiffs' brief. Plaintiffs have argued at considerable length that the court should have granted a change of venue because of the showing made of prejudice existing in Holt county against the plaintiffs. Section 61 of the Code of Civil Procedure provides that "In all cases in which it shall be made to appear to the court that a fair and impartial trial cannot be had in the county where the suit is pending,

* * * the court may, on the application of either party, change the place of trial to some adjoining county, wherein such impartial trial can be had." In support of the application for a change of place of trial there were filed several affidavits which were met by equally numerous contradictory affidavits, thus presenting simply a question of the weight of evidence, the proofs of the non-existence of prejudice being so strong that the decision of the trial court must be held final.

It is insisted that there was such misconduct on the part of the jury during the trial of this cause that the verdict should have been set aside. Briefly stated, this misconduct consisted, first, in the alleged fact that one of the jurors, during a recess of the court, drank a glass of whiskey. Mr. Uttley, one of plaintiffs'. attorneys, stated in his affidavit that he saw one of the jurors go into a certain saloon just after court had adjourned for dinner; that he immediately went into the saloon and passed through it and. heard the order given (affiant failed to state what that order was), and that on affiant's return through the saloon he observed an empty glass on the counter. Possibly this juror may have ordered and drank whiskey. We cannot, however, presume it, in the absence of proof, so that no matter what it might have been worth if established by proof, this contention must fail for want of evidence. Second, it is urged that there was misconduct of some of the jurymen, for it is asserted that said jurors freely expressed a determination to find against the bank long before all the testimony was submitted on the trial. The evidence upon this was conflicting, and the judgment of the trial court in weighing it should not therefore be disturbed. Third, it is contended that the jury, in its deliberations, as to the value of the property in dispute, agreed that each juror should mark down his estimate of such value; that the total of these amounts should be divided by twelve, which should be the verdict, on that point, the jury would render; and that such

value was accordingly so found and returned. There was submitted evidence in support of this state of facts, but there was a greater amount of evidence that there was no agreement in advance that the average result should be the finding of the jury. It seems from the greater number of the affidavits of the jurors that upon balloting there was found to be so great a difference in judgment of the value of the replevied property, which could not be eliminated by discussion, that it was proposed to average opinions and see what that result would be, and that after doing so some jurors favored more and some less than the average ascertained, but that finally that average was accepted by all as the reasonable and fair value of the property. In this condition of affairs, this court cannot say that the alleged misconduct existed. The ruling of the trial court must, therefore, be sustained so far as it involves this point.

The contention upon the trial was that for the chattel mortgage, upon which plaintiffs predicated their right to the possession of the property in dispute, there had been substituted as security a real estate mortgage made by defendant and his wife to plaintiffs. The difference in the evidence was as to whether the real estate mortgage was cumulative merely or whether it was an entire substitution for the chattel mortgage security. On the part of the defendant there was a great deal of evidence that the real estate mortgage was given and accepted for and in place of the chattel mortgage, and that Mr. Cortelyou, one of the plaintiffs, for and on behalf of plaintiffs, agreed to release and cancel the chattel mortgage. On the other hand, there was not so much direct testimony, but more which rendered intrinsically probable the testimony of Mr. Cortelyou that the real estate mortgage was given and taken only as additional security, there being no agreement whatever that the chattel mortgage should be released or abandoned. In such condition of the evidence the judgment of the trial judge is entitled to great consideration, for he saw and

heard the testimony of the different witnesses, observed their deportment, and had an opportunity for judging of the weight to be given the statements of each, which, in the nature of things, are denied this court. Had the trial judge seen fit to have set aside the verdict as contrary to the weight of the evidence his ruling would probably not have been disturbed by this court for the reasons above given. His judgment adversely to the plaintiffs, upon the comparative weight of the testimony as being sufficient to sustain the finding of the jury, is entitled to at least equal weight and cannot be disturbed.

Plaintiffs' next contention is that it was prejudicial error to allow the defendant to prove the value of the land upon which the real estate mortgage was made. It seems to us that this evidence was proper, as showing the probable sufficiency of the real estate security for the amount due, in view of the defendant's contention that contemporaneously with taking this security the mortgagees released other securities which they held for most of the indebtedness.

The court instructed the jury fully upon the issues involved, and as to these instructions no error is assigned nor was any exception taken. It is, however, insisted by the plaintiffs that the court should have given their second instruction asked, which is in the following language:

"2. What was the consideration of the note, why or for what it was given, or what rate of interest was to be paid for the same, can in no way affect this suit or the right of the plaintiffs to recover so long as the defendant has admitted that at least a part of said note remained unpaid."

This instruction ignored the contested facts in the case. No question was made upon the trial that a large part of the amount secured by the chattel mortgage was also secured by the real estate mortgage, but a substitution of the latter for the former was claimed to have taken place. This instruction would have required the jury to have ignored this contention, and if they found that a portion of the debt

was unpaid it would have been their duty, had the instruction been given, to have found for the plaintiffs, irrespective of whether there had been a substitution or not. It was, therefore, proper for the court to refuse, as it did, the second instruction, as based upon too insufficient statement of the facts to justify the conclusion which the jury were informed they should reach.

It is also insisted that there was error in refusing the fourth instruction asked by the plaintiffs. This instruction is as follows:

"4. In order to cancel this mortgage it is necessary that the defendant produce proof greater in amount and more prudent in character than the instrument based on the testimony that is offered to support the same."

The instruction complained of is set out in the language just quoted, and it is very difficult to imagine, if we take this language literally, what plaintiffs' counsel had in mind when he drew this instruction. It is probable, however, that in transcribing into the record an injustice has been done, and that the instruction quoted is not in the language in which it was asked. If the intention was to instruct the jury that they must find greater and more convincing proof in its character than the instrument itself imports and the testimony that was offered to support the same, it is a misleading instruction. The court had already informed the jury what their duty was in weighing the testimony adduced by the respective parties to this controversy. It was, in addition to that, no part of the duty of the court to take up the evidence piece-meal and instruct the jury that it must be weighed and considered in that manner. The court, therefore, properly refused to give this instruction.

Complaint is made that the court refused to give the ninth instruction asked on plaintiffs' behalf. It is as follows:

"9. The jury are instructed that the instructions which are asked by the counsel and given by the court are to be

Cortelyou v. McCarthy.

considered by them the same as instructions which are given by the court on its own motion."

Probably no harm would have resulted from the giving of this instruction; that its refusal prejudices a substantial right of the plaintiffs we cannot conceive. Each of the instructions asked by the plaintiffs which the court gave were given in the same manner, and so far as we can judge from the record, with the same force as though they were the instructions written by the court. It would probably be sufficient grounds to set aside a verdict if the record showed that the court in any way intimated to the jury, upon giving instructions of a party against whom a verdict was afterwards rendered, that they were to be considered of less force or in any other manner than instructions emanating from the court. We cannot assume, however, that instructions which are given at the request of either party in the ordinary course of a trial are considered by the jury as having less weight than those given by the court, and that therefore there exists a necessity of counteracting that false conception of the jury.

The several alleged errors have been fully considered in connection not only with the briefs of the respective parties but with the record and bill of exceptions submitted, and we find no other substantial errors alleged,—certainly none exist in the record,—and the judgment of the district court is

AFFIRMED.

THE other commissioners concur.