STATE INSURANCE COMPANY OF DES MOINES,
IOWA, v. NEW HAMPSHIRE TRUST COMPANY.

FILED FEBRUARY 4, 1896. No. 6033.

1. **Insurance: MISREPRESENTATIONS.** A representation in an
application for insurance that no other insurance existed
on the property, is not to be deemed false in such a sense
as to invalidate the insurance obtained on such applica-
tion, merely because a former owner of the property,
after having parted with his title, effects other insurance
thereon in his own favor.

2. ——: ——. Where the application for insurance, and
the policy issued thereon by an insurance company doing
business in a sister state bear the same date, it will not be
inferred in the absence of evidence upon that point, that
the officers of the insurance company at its home office
were influenced by misrepresentations contained in the
application to approve a risk, which, had they known of
such misrepresentation, they would not have approved.

3. ——: ——: **RIGHTS OF MORTGAGEE.** Where, by the
terms of the policy of insurance, the loss, if any, is paya-
ble to a mortgagee as his interest appears at the time of
the loss, the right of such mortgagee to maintain an ac-
tion for such loss is not necessarily defeated by such mis-
representation in the application for insurance, as, by the
terms of the contract between the insurer and the insured,
would defeat the right of the insured to maintain an ac-
tion on his own behalf.

ERROR from the district court of Seward county.
Tried below before BATES, J.

See opinion for statement of the case.

*Charles Offutt*, for plaintiff in error:

The policy was forfeited by taking subsequent
insurance on the same premises. (2 May, Insur-
ance [2d ed.], sec. 364; *Phœnix Ins. Co. v. Copeland*,
8 So. Rep. [Ala.], 48; *German Ins. Co. v. Heiduk*, 30

Neb., 288; *Reed v. Equitable Fire & Marine Ins. Co.*, 24 Atl. Rep. [R. I.], 833; *Zimmerman v. Home Ins. Co.*, 42 N. W. Rep. [Ia.], 462.)

The policy was forfeited by an undisclosed mortgage existing at the time of the application. (1 Wood, Fire Insurance, sec. 168; *Byers v. Farmers Ins. Co.*, 35 O. St., 606; *Hutchins v. Cleveland Mutual Ins. Co.*, 11 O. St., 477; *Hayward v. New England Mutual Fire Ins. Co.*, 10 Cush. [Mass.], 444; *Brown v. People's Mutual Ins. Co.*, 11 Cush. [Mass.], 280; *Jacobs v. Eagle Mutual Fire Ins. Co.*, 7 Allen [Mass.], 132; *Falis v. Conway Mutual Fire Ins. Co.*, 7 Allen [Ma :s.], 46; *Indiana Ins. Co. v. Brchm*, 88 Ind., 578; *Ryan v. Springfield Fire & Marine Ins. Co.*, 46 Wis., 671; *Smith v. Columbia Ins. Co.*, 17 Pa. St., 253; *O'Brien v. Home Ins. Co.*, 79 Wis., 399; *Addison v. Kentucky & Louisville Ins. Co.*, 7 B. Mon. [Ky.], 470; *Westchester Fire Ins. Co. v. Weaver*, 70 Md., 536; *Patten v. Merchants & Farmers Mutual Fire Ins. Co.*, 38 N. H., 338.)

The policy was forfeited by the fact that the insured, Brown, held only the naked legal title, while the real and beneficial owner was Haselwood. (*Farmers & Drovers Ins. Co. v. Curry*, 13 Bush [Ky.], 312; *Miller v. Amazon Ins. Co.*, 46 Mich, 463; *Fitchburg Savings Bank v. Amazon Ins. Co.*, 125 Mass., 431; *Garver v. Hawkeye Ins. Co.*, 69 Ia., 202; *Davis v. Iowa State Ins. Co.*, 67 Ia., 494; *Westchester Fire Ins. Co. v. Weaver*, 17 Atl. Rep. [Md.], 401; *Dowd v. American Fire Ins. Co. of Philadelphia*, 41 Hun [N. Y.], 139; *McLeod v. Citizens Ins. Co.*, 3 Rus. & C. [N. S.], 156; *Ross v. Citizens Ins. Co.*, 19 N. B., 126; *Scottish Union & Nat. Ins. Co. v. Petty*, 21 Fla., 399; *Brown v. Commercial Fire Ins. Co.*, 86 Ala., 189; *Wineland v. Security Ins. Co.*, 53 Md., 276; *Waller v. Northern Assurance Co.*, 10 Fed. Rep., 232; *McFet-*

*ridge v. Phœnix Ins. Co.*, 54 N. W. Rep. [Wis.], 326;
*Mt. Leonard Milling Co. v. Liverpool & London & Globe.*
*Ins. Co.*, 25 Mo. App., 259; *Collins v. St. Paul Fire &*
*Marine Ins. Co.*, 44 Minn., 440; *Crescent Ins. Co. v.*
*Camp*, 71 Tex., 503; *Clay Fire & Marine Ins. Co. v.*
*Huron Salt & Lumber Mfg. Co.*, 31 Mich., 346; *Agri-*
*cultural Ins. Co. v. Montague*, 38 Mich., 548.)

The policy was forfeited by using the insured
building as a military armory, drill room, and stor-
age depot. (*Kuntz v. Niagara District Fire Ins. Co.*,
16 U. C. C. P., 573; *Indiana Ins. Co. v. Brehm*, 88 Ind.,
578; *Hobby v. Dana*, 17 Barb. [N. Y.], 111; *Hervey*
*v. Mutual Fire Ins. Co.*, 11 U. C. C. P., 394; *Mooney*
*v. Imperial Ins. Co.*, 3 Mont. Sup. Ct., 339; *Kyte*
*v. Commercial Union Assurance Co.*, 21 N. E. Rep.
[Mass.], 361.)

*C. E. Holland, contra.*

References to question of subsequent insur-
ance: *Niagara Fire Ins. Co. v. Scammon*, 28 N. E.
Rep. [Ill.], 919; 2 May, Insurance, sec. 372; 2 Wood
Insurance, sec. 377; *Ætna Fire Ins. Co. v. Tyler*, 16
Wend. [N. Y.], 385; *Mutual Safety Ins. Co. v. Hone*, 2
N. Y., 235; *Burton v. Gore District Mutual Ins. Co.*,
14 U. C. Q. B., 342.

References to question relating to undisclosed
mortgages: *Wilson v. Minnesota Farmers Mutual*
*Fire Association*, 36 Minn., 112; *Bartlett v. Firemen's*
*Fund Ins. Co.*, 77 Ia., 155; *Breckinridge v. American*
*Central Ins. Co.*, 87 Mo., 62; *Phenix Ins. Co. v. La*
*Pointe*, 118 Ill., 384; *Harriman v. Queen Ins. Co.*, 49
Wis., 71; *Fame Ins. Co. v. Mann*, 4 Bradw. [Ill.],
485; *Wheeler v. Traders Ins. Co.*, 62 N. H., 326;
*Ayres v. Home Ins. Co.*, 21 Ia., 185; *German Ins. Co.*
*v. Miller*, 39 Ill. App., 633; *Leach v. Republic Fire*
*Ins. Co.*, 58 N. H., 245; *McNamara v. Dakota Fire &*

*Marine Ins. Co.*, 47 N. W. Rep. [S. Dak.], 288; *People's Mutual Fire Ins. Co. v. Bowersox*, 5 O. C. C., 444; *Wich v. Equitable Fire & Marine Ins. Co.*, 2 Colo. App., 484; *Sexton v. Montgomery County Mutual Ins. Co.*, 9 Barb. [N. Y.], 191.

References to the question relating to the use of the insured building as a military armory, drill room, and storage depot: *Thayer v. Providence-Washington Ins. Co.*, 70 Me., 531; *Stennett v. Pennsylvania Fire Ins. Co.*, 68 Ia., 674; *Northrup v. Mississippi Valley Ins. Co.*, 47 Mo., 435; *Anthony v. German-American Ins. Co.*, 48 Mo. App., 65; *Hahn v. Guardian Assurance Co.*, 32 Pac. Rep. [Ore.], 683; *Williams v. People's Fire Ins. Co.*, 57 N. Y., 274; *Gamwell v. Merchants & Farmers Mutual Fire Ins. Co.*, 12 Cush. [Mass.], 167; *Lattomus v. Farmers Mutual Fire Ins. Co.*, 3 Hous. [Del.], 404.

There cannot be fraudulent concealment where an applicant for insurance is not questioned as to the contents of the application.    (*Campbell v. American Fire Ins. Co.*, 40 N. W. Rep. [Wis.], 661; *Dohn v. Farmers Joint-Stock Ins. Co.*, 5 Lans. [N. Y.], 275.)

Though the facts were sufficient to constitute a forfeiture, if the agent knew the facts when he issued the policy, the company is estopped from setting up the same as a defense. (*Commercial Ins. Co. v. Ives*, 56 Ill., 402; *Home Mutual Fire Ins. Co. v. Garfield*, 60 Ill., 124; *Gerhauser v. North British & Mercantile Ins. Co.*, 7 Nev., 174; *Planters Mutual Ins. Co. v. Deford*, 38 Md., 382; *Field v. Ins. Co. of North America*, 6 Biss. [U. S.], 121; *Russell v. State Ins. Co.*, 55 Mo., 585; *Michigan State Ins. Co. v. Lewis*, 30 Mich., 41; *Richards v. Washington Fire & Marine Ins. Co.*, 60 Mich., 420; *Andes Ins. Co. v. Shipman*, 77 Ill., 189; *Lycoming Ins. Co. v. Jackson*, 83 Ill., 302; *Liverpool, London & Globe Ins. Co. v.*

9

*McGuire,* 52 Miss., 227; *Carr v. Hibernia Ins. Co.,* 2 Mo. App., 466; *Aurora Fire & Marine Ins. Co. v. Kranich,* 36 Mich., 289; *Mers v. Franklin Ins. Co.,* 68 Mo., 127; *Weeks v. Lycoming Fire Ins. Co.,* 7 Ins. L. J. [Vt.], 552; *Siltz v. Hawkeye Ins. Co.,* 16 Ins. L. J. [Ia.], 106; *Graham v. Ontario Mutual Ins. Co.,* 14 Ont., 358; *Gould v. Dwelling-House Ins. Co.,* 134 Pa., 570; *Planters & Merchants Ins. Co. v. Thurston,* 93 Ala., 255; *Pelzer Mfg Co. v. Sun Fire Office,* 15 S. E. Rep. [S. Car.], 562; *Jemison v. State Ins. Co.,* 52 N. W. Rep. [Ia.], 185; *Mowry v. Agricultural Ins. Co.,* 18 N. Y. Sup., 834; *Soli v. Farmers Mutual Ins. Co.,* 52 N. W. Rep. [Minn.], 979.)

RYAN, C.

There was a verdict, with a judgment thereon, for the defendant in error in this case, in the district court of Seward county. This judgment, on March 24, 1892, was rendered for the sum of $2,124 and costs. The policy upon which plaintiff in error was found liable was issued to J. D. Brown on March 15, 1890. The property insured—a brick building—was totally destroyed by fire on January 16, 1891. The defenses specially pleaded were that in the application for the above insurance it had been falsely represented that Brown was the sole, undisputed owner of the property to be insured; that, likewise, it was falsely represented that there was no other insurance on the property; that in said application it was falsely represented that the building to be insured was used solely as a livery barn, whereas, in fact, the upper story thereof was used for an armory; and that by the said application there had not been disclosed the existence of a mortgage upon the premises therein described. These averments of the answer were

supplemented by others to the effect that the plaintiff in error had been deceived by the above described false representations and omission, and so had been induced to insure the property described.

In respect to the alleged false representations as to the ownership of the insured property, the bill of exceptions shows that there was introduced in evidence the record of a warranty deed from James A. Haselwood and his wife to the aforesaid Brown, whereby was conveyed the real property on which was the insured building. The plaintiff in error offered the above named James A. Haselwood as a witness, and from him elicited the oral statements that the above deed was a trust deed; that the witness still owned in fee-simple the property therein described; and that he had held possession of, and had collected the rents arising from, the said property ever since the making of the aforesaid conveyance. It would be extremely dangerous for this court to assume, upon evidence of this nature, that the jury wrongfully found that the deed attacked was operative according to its terms. The policy sued upon provided that the loss, if any occurred during the term covered by it, should be payable to the New Hampshire Trust Company, mortgagee, as its interest might appear at the time of such loss. When the policy sued upon was applied for and issued, there was in existence no policy of insurance upon the same property, but, something like nine months afterward, James A. Haselwood procured to be issued by the Farmers & Merchants Insurance Company of Lincoln another policy in his own favor. This last policy was of the date of June 11, 1891. The warranty deed above referred to had been executed by

James A. Haselwood and his wife on February 25, 1889, and had been filed for record two days there-after; so that, if this deed was effective to pass title, as the jury must have assumed that it was, Mr. Haselwood, at the time he procured the insurance in his own favor, had no interest whatever in the property insured. It was not shown that Brown was at all cognizant of Haselwood's attempt to effect insurance in his own behalf, much less does the evidence disclose any approval of this attempt; hence Brown's rights were not impaired by it.

By the failure in the application to state that the building was used for an armory there was no such prejudice as was pleaded in respect thereto; for it was proved beyond question that in the armory there were kept no explosives or inflammable substances, and the keeping of these in said armory was what in the answer was alleged to have increased the risk. The testimony of insurance agents, that armories are usually classified as extra hazardous risks, was simply as to their judgment of what the action of insurance companies, ordinarily, would be in case such a risk was offered. In this case the written application, in which the building to be insured was described as a livery barn, was introduced in evidence. If this application could have subserved any purpose in procuring the issuance of a policy, it must have been, if this *quasi*-expert testimony was material, by influencing the officers of the company, at Des Moines, to accept the proffered risk. There was no attempt to show that the policy was issued by reason of the presentation of this application at the home office; hence there was no competent proof that the alleged misdescription therein was misleading

in view of the testimony of the aforesaid insurance agents.   The averment of the answer that, without consent of the plaintiff in error, the upper story of the insured building was in January, 1891, and up to the time of the fire, changed so as to become an armory, had no support in the evidence.   It was shown, beyond question, that this use as an armory existed from the erection of the building in 1887; hence the sole question presented on this branch of the case by pleadings and evidence has already been disposed of by the above discussion.

The mortgagee, to whom was payable the loss by the terms of the policy, was the original plaintiff in this case.   The amount secured to be paid to this mortgagee was $2,000, with interest thereon. This mortgage was dated March 13, 1888, and it was filed for record the day following.   The mortgage, which was not disclosed in the application for insurance, was made to J. H. Culver on March 13, 1888, to secure the payment of $755.   This mortgage was filed for record on March 23, 1888. The application, from which was omitted all mention of this last named mortgage, was dated March 15, 1890, and the policy thereon claimed to have issued was of the same date.   The only mention of the defendant in error to be found in all these insurance transactions occurs in the policy sued upon, and is in the following words: " Loss, if any, is payable to the New Hampshire Trust Company, mortgagee, as their interest may appear at the time of loss."   In this policy it was provided with respect to mortgaged premises that, "if the same or any part thereof is incumbered by mortgage, lien, contract of sale, or otherwise,   *   *   *   or any existing incumbrance at the time of making application ·is not set forth in the application,

\* \* ·\* then, and in every such case, this policy shall be void." In *Phenix Ins. Co. of Brooklyn v. Omaha Loan & Trust Co.*, 41 Neb., 834, it was held that by issuing a policy of insurance an insurer was bound to make good such loss and damage as should be caused to the insured property by fire, but that the conditions upon which the payment should be made, as between the insurer and the insured, did not necessarily qualify the right of mortgagee to collect payment under a mortgage slip, which provided that the payment of loss should be made to such mortgagee as his interest appeared at the time of such loss. Under such a provision the contract of insurance, in so far as it related to the right of a mortgagee to recover, was held to be a separate and independent contract from the one which governed the right of the insured in that respect, and the cases cited fully sustain this distinction. It therefore results from the doctrine of the case last cited that the right of the defendant in error to recover the amount of loss as its interest as mortgagee was, at the time of the fire, not defeated by the fact that, as between the insurer and the insured, there had been an omission in the application to describe or refer to the mortgage to Culver, or by the fact that there was a like omission of mention of the use of the building for an armory. In this connection it is deemed appropriate to observe that the evidence justified the amount of the verdict returned by the jury, for there was due as interest the amount of the verdict in excess of $2,000. There is presented by the record no other questions which we can examine, for, if upon the instruction there were such questions, they could not be considered, on account of the manner in which the instructions

are grouped in the petition in error. The judg-
ment of the district court is

AFFIRMED.

PER CURIAM.*

Upon consideration of a motion for a rehearing
there was found in the brief submitted by the
plaintiff in error such weight of argument that,
without receding from the views expressed in the
opinion as to the analogy afforded by the case of
*Phenix Ins. Co. of Brooklyn v. Omaha Loan & Trust
Co.*, 41 Neb., 834, it is by the court deemed advis-
able to say that this question will be determined
as an original one whenever its consideration be-
comes necessary. The motion for rehearing is
overruled, however, because from what has been
noted in the opinion it is evident that the applica-
tion for insurance in no degree influenced the issue
of the policy, and hence the representation as to
the non-existence of a mortgage on the insured
property was immaterial.

REHEARING DENIED.

