FARMERS & MERCHANTS INSURANCE COMPANY V. REBECCA N. NEWMAN.

FILED APRIL 19, 1899. No. 8849.

1. **Insurance:** POLICY FORBIDDING LITIGATION: MORTGAGE FORECLOSURE. The policy of fire insurance in suit provided that it should be void "if the property insured be or become involved in litigation without notice to, and consent of, the company indorsed hereon." *Held,* That an action brought without the consent of the insured to foreclose a mortgage covering the insured property did not violate the condition nor work a forfeiture of the insurance.

2. ———: INCREASE OF INCUMBRANCE. A condition in a policy of fire insurance against an increase of incumbrances is not broken by a mere change in the form of an existing incumbrance.

3. ———: FORFEITURE. Forfeitures are not favored, and to be available as a defense to an action must be pleaded and strictly proved.

ERROR from the district court of York county. Tried below before BATES, J. *Affirmed.*

*Joseph Wurzburg,* for plaintiff in error:

The policy was invalidated by the increasing of the mortgage, by the mortgage-foreclosure, and by the procuring of other insurance. '(*Billings v. German Ins. Co.,* 34 Neb. 502; *Brunswick Savings Institution v. Commercial Union Ins. Co.,* 68 Me. 313; *Bates v. Equitable Ins. Co.,* 10 Wall. [U. S.] 33; *Foote v. Hartford Fire Ins. Co.,* 119 Mass. 259; *Smith v. Union Ins. Co.,* 120 Mass. 90; *Titus v. Glens Falls Ins. Co.,* 81 N. Y. 417; *Meadows v. Hawkeye Ins. Co.,* 62 Ia. 387; *Quinlan v. Providence-Washington Ins. Co.,* 133 N. Y. 356; *Johnson v. American Ins Co.,* 41 Minn. 399; *Phœnix Ins. Co. v. Stevenson,* 78 Ky. 150.)

*Halleck F. Rose* and *Wellington H. England*, also for plaintiff in error:

It is competent for the insurer to provide by contract for the termination of the insurance risk, on the insured property becoming involved in litigation. (*McIntire v. Norwich Fire Ins. Co.*, 102 Mass. 230; *Merchants Ins. Co. v. Brown*, 77 Md. 79; *Springfield Steam Laundry Co. v. Traders Ins. Co.*, 66 Mo. App. 199; *Titus v. Glens Falls Ins. Co.*, 81 N. Y. 410; *Meadows v. Hawkeye Ins. Co.*, 62 Ia. 387; *Quinlan v. Providence-Washington Ins. Co.*, 133 N. Y. 356.)

Foreclosure terminated the insurance. (*Agricultural Ins. Co. v. Montague*, 38 Mich. 551.)

Where the policy contains a mere loss-payable clause for benefit of mortgagee, the contract is with mortgagor, and the mortgagee cannot recover in case of a breach of the condition by mortgagor. (*Syndicate Ins. Co. v. National Life Ins. Co.*, 65 Fed. Rep. 173; *Martin v. Franklin Fire Ins. Co.*, 38 N. J. Law 140; *State Ins. Co. v. Maackens*, 38 N. J. Law 564; *Ormsby v. Phenix Ins. Co.*, 58 N. W. Rep. [S. Dak.] 301; *Hastings v. Westchester Fire Ins. Co.*, 73 N. Y. 141; *Governor v. Atlantic Fire Ins. Co.*, 17 N. Y. 391; *Buffalo Steam Engine Works v. Sun Mutual Ins. Co.*, 17 N. Y. 401; *State Ins. Co. v. New Hampshire Trust Co.*, 47 Neb. 62; *Hocking v. Virginia Fire & Marine Ins. Co.*, 42 S. W. Rep. [Tenn.] 451.)

*Gilbert Bros., contra:*

Renewal of a mortgage with accrued interest is not a violation of a provision against future incumbrances. (*Kansas Farmers Fire Ins. Co. v. Saindon*, 35 Pac. Rep. [Kan.] 15; *George Home Ins. Co. v. Stein*, 72 Miss. 943.)

Mortgage foreclosure is not a violation of the provision against litigation involving the insured property. (*Cole v. Conner*, 10 Ia. 299; *Hall v. Niagara Fire Ins. Co.*, 53 N. W. Rep. [Mich.] 727; *National Bank of Mills & Co. v. Union Ins. Co.*, 26 Pac. Rep. [Cal.] 509; *Billings v. German Ins. Co.*, 34 Neb. 502; *Sprigg v. American Central Ins. Co.*, 40 S. W. Rep. [Ky.] 575.)

Other void insurance policies do not invalidate the insurance. (*Slobodisky v. Phœnix Ins. Co.*, 52 Neb. 395; *Woolpert v. Franklin Ins. Co.*, 26 S. E. Rep. [W. Va.] 521; *Sweeting v. Hartford Mutual Fire Ins. Co.*, 34 Atl. Rep. [Md.] 826; *German Ins. Co. v. Hayden*, 40 Pac. Rep. [Colo.] 453.)

SULLIVAN, J.

Rebecca N. Newman brought this action against the Farmers & Merchants Insurance Company to recover on a policy of fire insurance covering a dwelling-house owned by John M. and Angeline Crain. The court directed the jury to find for the plaintiff, and from a judgment rendered on the verdict the defendant prosecutes error.

Mrs. Newman had a mortgage on the insured property to secure an indebtedness of $750, and for her benefit the company had attached to the policy a slip in the usual form, making the loss, if any, payable to the mortgagee as her interest might appear. The action was defended mainly on the ground that the property, before its destruction, had become involved in litigation, and that the right to indemnity had been thereby lost under the operation of the following condition of the contract: "If the assured shall have, or shall hereafter take, any other insurance on the property hereby insured, or any part thereof, without the consent of the company, written hereon; or if the property above mentioned, or any part thereof, be, or hereafter become, mortgaged or otherwise incumbered, or if the same be, or shall hereafter become, involved in litigation without notice to and consent of this company indorsed hereon, * * * then and in every such case this policy shall be void." It appears from the record that Mrs. Newman's mortgage was a second lien on the property in question; that she had been made a party defendant in an action brought to foreclose the first mortgage; that she had answered therein asserting her lien; that a decree of foreclosure had been rendered on both mortgages, and that a stay had been taken and was effective at the time of the fire.

In view of these conceded facts was the property involved in litigation within the meaning of the condition above quoted? We do not think it was. In actions on policies providing that the rights of the mortgagee shall not be invalidated by any breach of condition by the mortgagee or owner it has been generally held that the mortgagee has a distinct interest embraced in a separate contract, and that his right to indemnity is not affected by any act or omission for which he is not responsible. (*Phenix Ins. Co. of Brooklyn v. Omaha Loan & Trust Co.*, 41 Neb. 834; *Oakland Home Ins. Co. v. Bank of Commerce*, 47 Neb. 717; *Hanover Fire Ins. Co. v. Bohn*, 48 Neb. 743.) In *State Ins. Co. of Des Moines v. New Hampshire Trust Co.*, 47 Neb. 62, the doctrine of these cases was applied, although the contract in suit did not exempt the mortgagee from the consequences of a breach of the conditions imposed on the assured. On rehearing, however, the court receded from this position to the extent of leaving the question open and undetermined. We are now convinced, as the result of a pretty thorough examination of the authorities, that under a clause like the one here in question the mortgagee claims through the mortgagor and can recover only to the extent that the insurer is indebted to the insured in consequence of the loss. The ordinary "mortgage slip" is, in effect, an agreement by the company to pay the mortgagee all, or a part, of any money which may become due to the insured under the contract for indemnity. The cases bearing upon this question are collected in an elaborate note to *Oakland Home Ins. Co. v. Bank of Commerce*, 58 Am. St. Rep. 663. (47 Neb. 717.) This action, then, was in substance one brought by the plaintiff to recover of the company a sum of money due from it to the Crains. Her rights are neither greater nor less than theirs. Recurring now to the language of the policy, it will be noticed that the condition under which the forfeiture is claimed is not an absolute condition. It has an important qualification. It declares that litigation concerning the property shall invalidate the in-

surance unless the company's consent shall be indorsed
on the contract. This suggests the idea quite naturally
that a forfeiture may be prevented by a seasonable appli-
cation to the insurer for its consent while the litigation is
yet *in posse*. It does not imply that action under it may
cure an existing forfeiture. It contemplates prevention,
and not remedy. The construction contended for by coun-
sel for defendant is, in effect, that any action involving
the property, by whomsoever commenced, would avoid
the policy. We cannot agree to this proposition. So far
as the meaning is doubtful, the doubt must be resolved
against the insurer, because forfeitures are not favored,
and also because contracts of this kind are prepared by
the insurer without consultation with the insured, and
are thronged with conditions, stipulations, provisos, and
exceptions which have not been the subject of previous
deliberation. In *Oakland Home Ins. Co. v. Bank of Com-
merce, supra*, it was said: "The policy is proposed and tend-
ered by the insurer on its own form. If it seeks to pro-
tect itself by a condition, it should clearly express that
condition by the policy. If it resorts to ambiguous lan-
guage, under familiar rules of construction, such lan-
guage must be taken most strongly against the party
proposing it and in favor of the other party." The mean-
ing to be extracted from the clause in question is the
meaning which it was, under the circumstances, fairly
calculated to convey. From the language employed it
is hardly possible that the insured would understand
that the indemnity for which they had paid was abso-
lutely at the mercy of any stranger who might make an
unprovoked or wanton attack upon their title. They
doubtless acted on the assumption that there was some
substance in the qualifying clause referred to, and that
they were contracting against their own acts and omis-
sions and not against the conduct of strangers. Of what
value is a provision giving the right to involve the prop-
erty in litigation, after obtaining the company's consent,
if it cannot be known when, or by whom, or for what

cause, an action is to be instituted? A mortgagee, a creditor, an adverse claimant may bring an action without notice and without cause; and if the defendant's theory is right the insurance is thus sacrificed without fault of the insured. A policy having this obvious import would, it seems to us, be generally considered too precarious a shelter to be worth the premium. Actions aided by attachment are nearly always commenced without warning; and it often happens that the affidavit, which is the basis for the ancillary proceeding, is a mere tissue of falsehoods, made with absolutely criminal recklessness. To put into a policy a clause providing that a forfeiture of indemnity might in such cases be prevented by obtaining in advance the company's consent to the suit would be the veriest nonsense. It may be said, however, that in this case the action was commenced in consequence of the failure of the Crains to redeem their promise to the owner of the first mortgage. That, of course, is true, but it does not affect the question of interpretation. The condition embraces actions by whomsoever commenced, or it refers only to suits instituted by the assured. In *Niagara Fire Ins. Co. v. Scammon*, 144 Ill. 490, 28 N. E. Rep. 919, 32 N. E. Rep. 914, the policy in suit contained this provision: "If the assured or any other person as parties interested shall have existing during the continuance of this policy any other contract or agreement for insurance (whether valid or not), against loss or damage by fire on the property hereby insured or any part thereof, not consented to by this company in writing, and mentioned in or indorsed upon this policy, then this insurance shall be void and of no effect." The court held that other insurance taken out by a mortgagee or other person having an insurable interest in the property was not forbidden and would not work a forfeiture of the indemnity for which the owner of the equity of redemption had contracted. In the case of *Small v. Westchester Fire Ins. Co.*, 51 Fed Rep. 789, the court, construing a provision similar to the one here in question, said: "Courts will

not construe them as embracing acts of third parties or proceedings *in invitum,* unless the language of the condition is so plain and explicit that no other construction can be adopted. * * * If the bringing of a suit involving the title or possession of the property against the assured, *ipso facto,* avoids the insurance, then every policy-holder, when sued, loses, *eo instanti,* his insurance. The assured can no more prevent the institution of a suit involving the title or possession of the insured property than he can the accruing of a tax lien, a judgment, or a mechanic's lien. The bringing of a suit is a proceeding *in invitum.* It is usually brought without consulting the defendant, and it would ordinarily be impossible to apply to the company for the consent necessary to save a forfeiture. It would seem that the condition in question ought to be construed as applying only to voluntary litigation, involving the title or possession of the property insured." These observations seem just and reasonable. They entirely meet our approval, and, without further extending the discussion, we hold that the property was not involved in litigation within the meaning of the contract. In *Billings v. German Ins. Co.,* 34 Neb. 502, upon somewhat different reasoning, the same conclusion seems to have been reached. Other analogous cases illustrating the strictness with which provisions for forfeitures are to be construed are: *Hall v. Niagara Fire Ins. Co.,* 93 Mich. 184, 53 N. W. Rep. 727; *Phenix Ins. Co. of Brooklyn v. Pickle,* 119 Ind. 155; *Green v. Homestead Fire Ins. Co.,* 82 N. Y. 517.

It is also urged on behalf of the defendant that the policy was forfeited by reason of an unauthorized increase in the amount of the plaintiff's mortgage. This alleged increase consisted merely in a change in the form of the security. The incumbrance was not in fact augmented.

A further and final contention is that the owners of the property obtained additional insurance in violation of the terms of the policy. In regard to this defense it need only be said that it was not established on the trial. It

was not shown by competent evidence, nor by any evidence, that the assured, John M. Crain and Angeline Crain, had taken out other valid insurance, or that they had at the time of the fire any indemnity whatever except that furnished by the contract in suit. The defense of forfeiture is regarded by the courts with aversion, and especially so where the entire premium has been paid to, and retained by, the insurer; and to escape liability under such circumstances the facts from which it is claimed the forfeiture resulted must be alleged and strictly proven. (*Thomas v. Builders' Mutual Fire Ins. Co.,* 119 Mass. 121; *Niagara Fire Ins. Co. v. Scammon, supra; Knight v. Eureka Fire & Marine Ins. Co.,* 26 O. St. 664.) The judgment is

AFFIRMED.