**WESTCHESTER FIRE INS. CO. OF NEW YORK v. NORFOLK BUILDING & LOAN ASS'N.**

(Circuit Court of Appeals, Eighth Circuit. August 2, 1926.)

No. 7375.

**1. Insurance ⬡164(1).**

Mortgage clause in fire insurance policy refers only to mortgage then in existence, and not any subsequent mortgage interest.

**2. Insurance ⬡123.**

Mortgagee's interest in mortgaged property is extinguished by foreclosure and sale proceedings.

**3. Mortgages ⬡307.**

New mortgage for same debt will not release original mortgage lien unless parties so expressly agree.

**4. Insurance ⬡581.**

Uniform Nebraska mortgage rider attached to fire policy is separate contract between mortgagee and insurer.

**5. Insurance ⬡581.**

Purpose of mortgage provision in fire policy is to protect mortgagee's interest, and such interest continues until mortgage debt is paid.

**6. Insurance ⬡123—Where sole purpose of mortgage foreclosure suit was to place record title in mortgagor's wife to defeat lien claim, liability of fire insurer under mortgage rider continued.**

Where sole purpose of mortgage foreclosure suit was to place record title in mortgagor's wife to defeat lien claim against mortgagor, under agreement that mortgagee would continue original loan, mortgagee's interest and liability of fire insurer under mortgage rider was preserved.

**7. Trusts ⬡100.**

One person can bid for another at mortgage foreclosure sale and hold property for benefit of real owner.

**8. Estoppel ⬡68(5)—Mortgage foreclosure suit to transfer record title to mortgagor's wife to defeat lien claim held not to estop mortgagee from asserting claim under mortgage rider of fire policy.**

Where sole purpose of mortgage foreclosure suit was to place record title in mortgagor's wife to defeat lien claim against mortgagor, under agreement that mortgagee would continue original loan, mortgagee was not estopped to assert its rights under mortgage rider because it released claim, insurer not having changed its position.

**9. Insurance ⬡309.**

Comp. St. Neb. 1922, § 7787, providing that breach of warranties in a policy shall not avoid policy unless breach contributed to loss, is part of fire insurance contract.

**10. Courts ⬡366(1).**

Construction of state statute by highest state court is binding on federal courts.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action by the Norfolk Building & Loan Association against the Westchester Fire Insurance Company of New York. Judgment for plaintiff, and defendant brings error. Affirmed.

Matthew A. Hall, of Omaha, Neb. (Raymond G. Young and Harvey M. Johnsen, both of Omaha, Neb., on the brief), for plaintiff in error.

M. S. McDuffee, of Norfolk, Neb. (Donald D. Mapes, of Norfolk, Neb., on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and TRIEBER and KENNAMER, District Judges.

KENNAMER, District Judge. This action was instituted by the Norfolk Building & Loan Association, a mortgagee, to recover on a contract of fire insurance issued by the Westchester Fire Insurance Company of New York, on the 29th day of December, 1917, to E. A. Dimmitt, as the owner of the insured property, described as lot 19, in block 15, of the original town of O'Neill, Hope county, Neb. At the time of the issuance of the policy of fire insurance, E. A. Dimmitt was indebted to the Building & Loan Association in the amount of $6,000 which debt was evidenced by promissory notes executed by himself and his wife, Maude Dimmitt, and secured by a mortgage upon the above-described property.

There was attached to the policy of insurance a uniform Nebraska mortgage clause, or rider, as follows:

"Subject to all conditions of said policy not specifically waived herein, loss or damage, if any, under this policy, shall be payable to Norfolk Building & Loan Association as mortgagee (or trustee) as interest may appear, and this insurance to the interest of the mortgagee (or trustee) only therein shall not be invalidated by any acts of neglect of the mortgagor or the owner of the within described property, or by any foreclosure or other proceedings or notice of sale relating to the property or by any change of the title or ownership of the property, or by the occupation of the premises for purposes more hazardous than are permitted in this policy. Provided, that in case the mortgagor or owner shall neglect to pay any premiums due under this policy the mortgagee (or trustee) shall, on demand, pay the same. Provided, also, that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of the mortgagee (or trustee), and unless permitted by this policy it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof, otherwise this policy shall be null and void. This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation, and shall then have the right, on like notice, to cancel this agreement. * * * "

Subsequent to the issuance of the policy of fire insurance, E. A. Dimmitt entered into a contract with one Gilmore with a view of trading his equity in the real estate covered by the mortgage, but the sale was never consummated, so far as the record herein discloses. However, Gilmore asserted a claim against Dimmitt and attempted to establish a lien against the property by reason of the contract. For the sole purpose of forestalling the establishment of a lien or claim against his property, Dimmitt permitted his payments to the Building & Loan Association to become delinquent, and upon advice of counsel procured the foreclosure of the mortgage by the Norfolk Building & Loan Association. Gilmore was made a party to the foreclosure proceedings, but asserted no claim in the action. A decree of foreclosure and sale of the property were ordered. Maude Dimmitt, wife of E. A. Dimmitt, was the successful bidder for the property, and upon confirmation of the sale the sheriff of Hope county executed a deed to her. The only payments made by the Dimmitts upon purchasing the property at the foreclosure sale were the delinquent payments due on the original loan made by the Building & Loan Association to E. A. Dimmitt, the costs of the foreclosure suit, and the sum of $162.82. By virtue of a prearranged agreement between the Dimmitts and the Norfolk Building & Loan Association, the original loan made to E. A. Dimmitt in the sum of $6,000 was continued in force by the execution by Maude Dimmitt and E. A. Dimmitt of a new note and mortgage evidencing the original debt.

The trial court found that the new note and mortgage were not given in payment of the original debt but were executed only as a renewal of, or as new evidence of, the original obligation; that the sole purpose of procuring the foreclosure on the part of the Dimmitts was to hinder and forestall Gilmore in establishing or asserting a lien or claim against the property.

The case was submitted to the trial court, a jury having been waived, and judgment was entered in favor of the plaintiff, the Norfolk Building & Loan Association, for the amount of the policy, together with interest and attorneys' fees. The insurance company prosecutes this appeal to reverse the judgment of the trial court.

The defendant insurance company, by proper assignments, presents a number of alleged errors, which, briefly summarized, resolve themselves into the proposition of determining whether or not the change in the title from E. A. Dimmitt to Maude Dimmitt voided the policy of fire insurance by reason of the condition contained in the mortgage clause or rider attached to the policy providing that a change of title without the consent of the insurance company terminated the policy, and the proposition that the surrender of a right for a valid consideration works an estoppel on the party surrendering to claim the continued existence of that right.

It is urged by the defendant that the foreclosure proceedings extinguished the interest of the mortgagee, the Norfolk Building & Loan Association, which interest was insured by the contract of insurance, the subject-matter of this suit.

[1, 2] It is well settled that a mortgage clause in an insurance policy only refers to

a mortgage then in existence and does not cover any subsequent mortgage interest (Attleborough Savings Bank v. Security Insurance Co., 168 Mass. 147, 46 N. E. 390, 60 Am. St. Rep. 373); also, a mortgagee's interest in the mortgaged property is entirely extinguished by foreclosure and sale proceedings (Ogle v. Koerner, 140 Ill. 170, 29 N. E. 563; Davis v. Dale, 150 Ill. 239, 37 N. E. 215; Uhlfelder v. Palatine Insurance Co., 111 App. Div. 57, 97 N. Y. S. 499). That such legal propositions are sound bear of no doubt, but in the instant case they are not applicable to the facts as determined by the trial court.

The agreement entered into prior to the foreclosure proceedings to the effect that if Maude Dimmitt purchased the property the Norfolk Building & Loan Association would accept her note, signed by her husband, E. A. Dimmitt, and continue the original loan in force and effect, as found by the trial court, together with the findings that the only purpose of the foreclosure proceedings on the part of the Dimmitts was to defeat the lien or claim of Gilmore and not to divest E. A. Dimmitt, the owner of the property, of his title. The sole purpose was to place the record title in Maude Dimmitt. We are of the opinion that the evidence amply supports these findings. The agreement entered into between the Dimmitts and the building and loan association qualified the effect of the foreclosure decree to the extent of leaving the mortgagee's interest in the property the same as it existed on the date the policy of fire insurance was issued.

[3] A new mortgage for the same debt will not release the original mortgage lien unless expressly so agreed by the parties. Cortelyou v. McCarthy, 37 Neb. 742, 56 N. W. 620; Young v. Shaner, 73 Iowa, 555, 35 N. W. 629, 5 Am. St. Rep. 701; Washington v. Slaughter, 54 Iowa, 265, 6 N. W. 291; Bruce v. Bonney, 12 Gray (Mass.) 107, 71 Am. Dec. 739.

[4] It is quite well established that the mortgage rider which was attached to the insurance policy in question constituted a separate contract between the mortgagee, the Norfolk Building & Loan Association, and the insurance company. Ulster County Sav. Inst. v. Leake, 73 N. Y. 161, 29 Am. Rep. 115; Syndicate Ins. Co. v. Bohn, 65 F. 165, 12 C. C. A. 531, 27 L. R. A. 614; Hartford Ins. Co. v. Olcott, 97 Ill. 439; Farmers' & Merchants' Ins. Co. v. Newman, 58 Neb. 504, 78 N. W. 933.

[5] Certainly the mortgage provision in a policy of fire insurance has, as its purpose,

the insurance of the mortgagee's interest in the insured property. Ft. Scott Bldg. & Loan Ass'n v. Palatine Ins. Co., 74 Kan. 272, 86 P. 142; Farmers' & Merchants' Ins. Co. v. Newman, 58 Neb. 504, 78 N. W. 933; Bailey v. Insurance Co. (C. C.) 13 F. 250.

The mortgagee's interest in the insured property continues until the mortgage debt has been paid. Bailey v. Insurance Co. (C. C.) 13 F. 250; Ft. Scott Bldg. & Loan Ass'n v. Palatine Ins. Co., 74 Kan. 272, 86 P. 142.

[6, 7] The mortgagor or the mortgagee may enter into an agreement during the foreclosure that will preserve the mortgagee's interest and will preserve the insurance company's liability upon the mortgage rider. Stephens v. Ill. Mutual Fire Ins. Co., 43 Ill. 327. In the instant case such an agreement existed, and the original debt was continued in force notwithstanding the foreclosure proceedings, thus preserving the original interest the mortgagee had in the premises. It is unquestioned that one person can bid for another at a foreclosure sale, and such bidder will hold the property for the benefit of the real owner. Price v. Kane, 112 Mo. 413, 20 S. W. 609; Bailey v. Dobbins, 67 Neb. 548, 93 N. W. 687.

[8] It seems clearly established from the evidence that the interest of the Building & Loan Association was the same on the date the property insured was destroyed by fire as on the date the policy of fire insurance was issued, and such interest was secured by the same lien, the only difference appearing in the form of the note and mortgage executed by the Dimmitts. The estoppel urged by the defendant cannot be sustained for the reason that the insurance company has in no manner changed its position by reason of the acts or representations of the Dimmitts or the Building & Loan Association. It is well established that there can be no estoppel unless the party claiming it has changed his position by reason of a representation. Lingonner v. Ambler, 44 Neb. 316, 62 N. W. 486.

[9] We are of the opinion that the contention urged by defendant insurance company to the effect that the breach of the condition in the policy, to wit, the failure of the Building & Loan Association to notify the insurance company of the change in title, is untenable, in view of section 7787, Comp. St. Neb. 1922, which provides:

"*Warranty Not to Avoid Policy unless Deceptive.*—No oral or written misrepresentation or warranty made in the negotiation for a contract or policy of insurance by the

insured, or in his behalf, shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty deceived the company to its injury. The breach of a warranty or condition in any contract or policy of insurance shall not avoid the policy nor avail the insurer to avoid liability unless such breach shall exist at the time of the loss and contribute to the loss; anything in the policy or contract of insurance to the contrary notwithstanding."

[10] This provision of the Compiled Statutes of Nebraska constitutes a part of the insurance contract. Home Fire Ins. Co. v. Weed, 55 Neb. 146, 75 N. W. 539; Calnon v. Fidelity Phœnix Fire Ins. Co. (Neb.) 206 N. W. 765; McPhee v. Millers' Nat. Ins. Co., 198 Mich. 215, 164 N. W. 425. There is no evidence in the record tending to show that any purported change in title by reason of the foreclosure proceedings contributed in any way to the loss, and it has been held by the Supreme Court of Nebraska in construing the uniform Nebraska fire insurance policy that a breach of conditions in a fire insurance policy does not invalidate the insurance policy unless the breach of conditions contributed to the loss. Security State Bank of Eddyville v. Ætna Insurance Co., 106 Neb. 126, 183 N. W. 92. This construction of a Nebraska statute by the highest court of the state is binding upon the federal court.

We are of the opinion that the findings of the trial court that the original debt and lien in existence on the date of the issuance of the policy of fire insurance continued until the date of loss is amply sustained by the evidence. It thus becomes unnecessary to consider any of the other errors complained of by the defendant.

The judgment is affirmed.