LAGDEN *v.* CONCORDIA MUTUAL FIRE INSURANCE CO. OF BAY, SAGINAW & ARENAC COUNTIES.

1. Insurance — Mutual Benefit Policy — Fire Insurance — Breach.

Act No. 128, Pub. Acts 1911, limiting the effect of the breach of any condition in a fire insurance policy to instances where the insurer has suffered prejudice from the breach or where the loss took place because thereof, protected plaintiff, who procured additional insurance in violation of the stipulations of his mutual fire policy and he was entitled to recover the loss sustained in the destruction of his farm buildings, although the by-laws of the insurer provided that a member should forfeit his policy if he procured additional insurance in another company, without defendant's written consent.

2. Same—Statutes—Forfeiture.

The contention of the defense that, the fire occurring while the violation was in effect, barred plaintiff's recovery, was not sufficient, it appearing from the title of the statute that the purpose was to prevent the forfeiture of policies unless the violation of some condition actually prejudiced the insurer.

3. Same—Evidence—Burden of Proof.

Under the statute the burden was on the insurer to show that it had suffered prejudice therefrom.

188 Mich.—44.

4. SAME—APPEAL AND ERROR.
    *Held*, on rehearing, that defendant could not avail itself of
    the point, not made in its briefs or on the former argu-
    ment, that the statute as amended did not affect a policy
    in force at the time it was enacted.
STONE, OSTRANDER, and STEERE, JJ., dissenting.

Error to Bay; Collins, J. Submitted April 22, 1914. (Docket No. 107.) Decided September 28, 1915. Reargued June 6, 1916. Former judgment reaffirmed July 21, 1916.

Assumpsit by Harry T. Lagden against the Concordia Mutual Fire Insurance Company of Bay, Saginaw & Arenac Counties, on a certificate of fire insurance. Judgment for defendant. Plaintiff brings error. Reversed.

*G. C. Leibrand,* for appellant.

*Curtis E. Pierce,* for appellee.

BIRD, J. The defendant is a farmers' mutual fire insurance company, incorporated under the laws of this State. In February, 1908, the defendant issued to plaintiff a fire policy, insuring him in the sum of $1,400, against loss to his farm buildings and personal property. On the 23d day of November, 1911, plaintiff took out another policy for the sum of $1,665 in the Patrons' Mutual Fire Insurance Company, covering the same property and more. On January 21, 1912, fire destroyed the dwelling, together with its contents. The day following that of the fire, plaintiff notified John Myers, the defendant's secretary, of the loss, and Myers advised him that he would visit the scene of the fire the next day. Myers did not come, but in his stead Mr. Feinhaur, one of the directors, came. While there, plaintiff informed him of the other policy in the Patrons' Company. Mr. Feinhaur instructed the plain-

tiff to make out a list of the property destroyed and present it at the next meeting of the board of directors, informing him that he would be notified of the date of the next meeting by the secretary of the company. On February 12th the secretary notified plaintiff of the meeting of the board on the 19th, and requested him to meet with them at that time. On that date plaintiff appeared before the board with his proofs of loss. While there he was informed by the president of the company that the company refused to pay the loss, because of his failure to give notice of the additional insurance. The provisions of the charter and by-laws upon which such refusal were based follow:

Section 6 of the by-laws provides:

"Any member insuring the same property with another company, after receiving a policy in this company, without first obtaining the written consent of this company, forfeits his insurance in this company."

Section 21 of the charter provides:

"If any person, having property insured in this company, shall procure the same to be insured in any other company, it shall be his duty to at once give notice of such other insurance to the secretary; and the president and secretary may, in their discretion, cancel his policy, and, in case he shall fail to give such notice, his policy shall be void from the date of such other insurance, and this company shall not be liable for any loss occurring after that date."

Section 7 of the charter provides:

"Any member who shall neglect or refuse to comply with the by-laws, or with this charter, shall not be entitled to receive payment for any loss, unless it shall be satisfactorily ascertained that the loss was not caused by such neglect or refusal."

The defendant's prorating clause reads:

"In case of loss, if there be other insurance upon the property, the insured shall not be entitled to demand or recover on his policy any greater amount or

proportion of the loss or damage sustained to the property insured than the amount insured in this company shall bear to the whole amount of insurance on said property."

The Patrons' Company had a similar clause. Its prorated share of the loss was $501.99, and was paid by that company.

At the close of the testimony, both parties requested a directed verdict. The trial court declined them, and submitted to the jury the question whether the defendant had waived the forfeiture.

Plaintiff's motion for a directed verdict was based upon Act No. 128, Pub. Acts 1911, which follows:

"No policy of fire insurance shall hereafter be declared void by the insurer for the breach of any condition of the policy if the insurer has not been injured by such breach, or where a loss has not occurred during such breach *and* by reason of such breach of condition."

Plaintiff contends that this provision of the statute is applicable, and inasmuch as it did not appear that the defendant was injured by the violation claimed, the court should have directed a verdict as requested. Defendant's position is that the provision does not apply, because it was shown that the fire occurred *during* the breach of a condition of the policy.

The act was originally passed by the legislature at its session of 1897. The legislature at its session of 1911 amended it, by striking out the word *"or"* and inserting in its stead the word *"and,"* which appears in the foregoing in italics. As the act was originally passed, it was many times before this court for construction, and it was uniformly held, in substance, that if there were an existing breach of condition of the policy when the fire occurred, the act would not be available to the insured, even though the fire did not occur by reason of such breach. *Boyer* v. *Insurance*

*Co.*, 124 Mich. 455 (83 N. W. 124, 83 Am. St. Rep. 338) ; *Shelden* v. *Insurance Co.*, 124 Mich. 303 (82 N. W. 1068) ; *McGannon* v. *Insurance Co.*, 127 Mich. 636 (87 N. W. 61, 54 L. R. A. 739, 89 Am. St. Rep. 501) ; *A. M. Todd Co.* v. *Insurance Co.*, 137 Mich. 188 (100 N. W. 442) ; *King* v. *Insurance Co.*, 140 Mich. 258 (103 N. W. 616, 6 Am. & Eng. Ann. Cas. 87). See, also, *Benham* v. *Insurance Co.*, 165 Mich. 406 (131 N. W. 87, Am. & Eng. Ann. Cas. 1912C, 983; *Macatawa Transportation Co.* v. *Insurance Co.*, 179 Mich. 443 (146 N. W. 396).

Obviously for the purpose of avoiding this construction, and making the act effective to do what its title indicates it was originally intended it should do, the legislature made this change. We are now asked by defendant to give the act the same construction that was given to it before the amendment was made. To do this we must say that the act means the same now as before the amendment was made, and that the legislature did an idle thing, and had no purpose in view in making the amendment. The title to the act reads:

"An act to prevent the forfeiture of fire insurance policies by the violation of any condition of the policy when such violation has been without prejudice to the insurer." Act No. 167, Pub. Acts 1897.

A mere glance at this title is convincing that the evident purpose of the legislature was to prevent forfeitures of fire insurance policies for violation of conditions which did not cause the fire. This evident purpose was thwarted by the construction which this court felt obliged to give to the wording of the act. To obviate this construction the amendment was presumably made. The act as amended makes it clear:

(*a*) That no forfeiture is to take effect if the insurer has not been injured by a breach of condition.

(*b*) That no forfeiture is to take effect if the fire was not caused by a breach of condition, even though the breach was existing at the time of the fire.

Our conclusion is that the plaintiff was right in his contention as to the application of the statute.

2. The further argument is made that, even if this is the proper construction, the court was right in refusing to direct a verdict because the burden of showing that defendant was not injured by reason of the violation rested upon the plaintiff; the proofs being silent upon the question as to whether the violation was in any wise responsible for the loss. It would seem to have been the intention of the legislature, in passing this law, to prohibit defenses based upon such violations, unless there was some connection shown between such violations and the loss. The plaintiff, by introducing the policy and showing his loss, makes a *prima facie* case, which entitles him to recover in the absence of proof of a breach of the contract. The burden is then upon the defendant to show that the policy has been avoided by a breach of its conditions. In order to make that defense effective, it is necessary to further show some connection between the loss and the breach of the condition, and this burden would seem to properly rest upon the defendant. By this provision the legislature has prescribed the conditions under which such a defense can be made, and it has in effect read this provision into each condition of the policy. Therefore the burden of showing that the facts are such as make the condition, as amended by the act, an effective defense, lies with the defendant. The request should have been granted. In view of these conclusions, we think plaintiff's motion should have been granted.

The judgment of the trial court will be reversed, and a new trial ordered.

Brooke, C. J., and Kuhn and Moore, JJ., concurred with Bird, J.

The late Justice McAlvay took no part in this decision.

OSTRANDER, J. (*dissenting*).   The written application of the plaintiff contained the following:

"And I hereby, for myself, my heirs, executors, and administrators, agree to abide by the charter and by all existing by-laws, and also by all amendments and additional by-laws of the said company.   *   *   * Refusal or neglect on my part to comply with the charter and by-laws of said company, and this agreement, shall render the policy void."

When this is read with section 21 of the by-laws, set out in the opinion of Mr. Justice BIRD, it is made plain that, in so far as the parties could, by agreement, provide for avoidance of the policy in suit, they have done so.   There is something here more than a mere condition imposed by the insurer.   There is a promissory warranty of the insured, which he has admittedly breached.   The act of 1911, pleaded by plaintiff in avoidance of the forfeiture of the policy, which by the terms of the agreement became void when the additional insurance was procured, does not relieve from breach of a warranty.   *Benham* v. *Insurance Co.*, 165 Mich. 406 (131 N. W. 87, Am. & Eng. Ann. Cas. 1912C, 983) ; *Shelden* v. *Insurance Co.*, 124 Mich. 303, 311 (82 N. W. 1068) ; *McGannon* v. *Insurance Co.*, 127 Mich. 636 (87 N. W. 61, 54 L. R. A. 739, 89 Am. St. Rep. 501).

There is another sufficient reason for the conclusion that the statute invoked will not relieve the plaintiff. Treating the provision in question as a condition merely, it is one of several found in all policies of fire insurance in this State, which, when the policy is issued—the contract made—and thereafter, relate to the very subject of the insurance, relate to the property in risk, its status, and the interest of the insured therein. For example, there are those relating to the title to the property insured, and whether it is incumbered or free from incumbrance.   If the construction and ap-

plication of the statute which are made by Justice BIRD are sound, then what will prevent A. from procuring insurance upon the property of B., and, if it burns, recovering upon the policy? Or, if real estate insured is incumbered for more than its value, what is to prevent the owner recovering upon a policy, despite his representations that the property was free from incumbrance, and his agreement that, if it was not, the policy should be therefore void, if the insurer cannot show that the fact of the incumbrance was, in fact, the occasion of the loss?

There is another class of conditions found in insurance policies generally, and in our own standard policy, which affect only particular hazards to which insured property may or may not be liable. That a house shall not be vacant for a considerable period of time, that gasoline or other inflammable or explosive substances shall not be kept upon the premises, are common conditions, and failure to observe them may be the occasion of a loss. Breaches of such conditions may be occasional, and not mischievous. It is only while they continue that they affect the risk. In the days when policies of insurance were prepared by the insurer—were substantially unilateral with respect to terms and conditions—and were therefore construed most strongly against the insurer, it was uniformly considered, in fact and in law, that representations of the insured as to the title to the property, the incumbrances thereon, the insurance carried, and the provisions for a continuance of the risk assumed in the first instance by the insurer, without substantial change, were vital. The courts have always recognized the moral hazard in fire insurance. Quoting from Ostrander on Fire Insurance, Mr. Justice MOORE, in *Excelsior Foundry Co.* v. *Assurance Co.*, 135 Mich. 467, 474 (98 N. W. 9, 3 Am. & Eng. Ann. Cas. 707), said:

"The character of the hazard being established to

the satisfaction of the insurer, its next concern is that no material change shall take place without its consent; and this, too, is provided for by the terms of the policy. The insurer cannot watch its many ventures. They are often remote and widely scattered, and besides, too, the greatest dangers that menace property are those that are frequently hidden from public scrutiny. The only practicable plan, therefore, of preserving the status of the risk, is to make the validity of the policy depend upon the insurer being informed of any material changes made, and its consent obtained."

It cannot be presumed that a breach of a condition which increases the moral hazard does the insurer no injury. Quite the contrary. Courts have uniformly avoided the policy upon breach of such conditions, upon the ground that an essential and material change of the contract was thus effected and the insurer prejudiced. In the case at bar the plaintiff placed upon his property an estimated cash value of $750, and the defendant insured it for $500. In applying to the Patrons' Insurance Company for further insurance, he placed on the property a value of $700. That company issued a policy for $465. The total insurance was therefore $965 upon property valued by plaintiff at $700. Both companies, to his knowledge, insured on the basis of two-thirds actual value.

The statute invoked by plaintiff may be construed, and I think should be construed, as applying only to that class of conditions which relate, usually, to casual risks, and as not applying to those which relate to matters which are of the very essence of the contract —those which must always be considered as controlling in accepting and in continuing the risk. So construed, it may be sensibly read and applied along with the statute which prescribes a standard form of policy, in which breaches of various conditions do, in terms and at once, make the policy void.

. The question whether the defendant waived the breach of condition complained about was submitted to the jury. I am of opinion that it was properly a question of fact, and, while the charge of the court is criticised, do not find error in the instructions. Two letters were offered in evidence by plaintiff, and were excluded. They were written by the secretary of defendant, and of them it is said they tend to support, to corroborate, the testimony of plaintiff and his wife. In my opinion, they have no such tendency. They were not addressed to or received by plaintiff, and do not affect the question whether plaintiff was induced, by a promise or by conduct, to assume or believe that the defendant waived or would waive its rights under the policy.

Counsel have not made the point that the statute relied upon by plaintiff became effective in 1911, while the policy in suit was issued in 1908, and therefore is not affected by it. Counsel for plaintiff does rely, however, upon a provision of the charter of defendant which reads as follows:

"Any member who shall neglect or refuse to comply with the by-laws or with this charter, shall not be entitled to receive payment for any loss, unless it shall be satisfactorily ascertained that the loss was not caused by such neglect or refusal."

His contention is answered by saying that this provision may be given force and may have application, but not in cases where by the express terms of the charter and the policy the policy is void.

For the reasons stated, I disagree with the conclusion of my Brother Bird, and think the judgment should be affirmed.

Stone and Steere, JJ., concurred with Ostrander, J.

## ON REHEARING.

BIRD, J. This case has been reheard. The argument, which was directed to the question whether Act No. 128, Pub. Acts 1911, was applicable to the facts involved in this case, has failed to convince us that our opinion heretofore filed should be disturbed.

Another and a new question was also argued, namely, that the provisions of this act were not applicable, because the contract of insurance was executed prior to the passage of the act. This presents an interesting question, but the practice forbids our consideration of it, because it was neither raised nor argued on the original hearing of the case in this court. *Nissly* v. *Railway Co.*, 168 Mich. 676 (131 N. W. 145, 135 N. W. 268, Am. & Eng. Ann. Cas. 1913C, 719). The only reference made to this defense was in the dissenting opinion, and the writer thereof refused to consider the point, because not raised by defendant.

The judgment of the trial court will be reversed, and a new trial ordered, with costs to the plaintiff.

KUHN, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred with BIRD, J.

OSTRANDER, J. We adhere to the views expressed in the former opinion.

STONE, C. J., concurred with OSTRANDER, J.