McPHEE v. MILLERS' NATIONAL INSURANCE CO.

1. INSURANCE—FIRE INSURANCE—PARTNERSHIP — RIGHT OF PARTNERS.

   One partner may insure his interest in partnership property in his own name.

2. SAME—FIRE INSURANCE—CONTRACTS—BREACH OF CONDITION—FORFEITURE—STATUTES.

   Act No. 128, Pub. Acts 1911, § 1 (2 Comp. Laws 1915, § 9481), providing that no policy of fire insurance issued thereafter shall be declared void for the breach of any condition, where a loss has not occurred during such breach and by reason of such breach of condition, must be construed as meaning that no forfeiture is to take effect if the insurer has not been injured by a breach of the condition, nor if the fire was not caused by a breach of the condition, even though the breach was existing at the time of the fire.[1]

Error to Sanilac; Beach, J. Submitted June 21, 1917. (Docket No. 121.) Decided September 27. 1917.

Assumpsit by Hugh McPhee against the Millers'

[1]For authorities passing on the question of formation of partnership or change in personnel of as affecting a change of title or ownership, see note in 21 L. R. A. (N. S.) 442.

National Insurance Company on a policy of fire insurance. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Walters & Hicks* and *Barger & Hicks,* for appellant.

*Charles F. Gates,* for appellee.

STEERE, J. Plaintiff recovered a verdict and judgment for the full amount, with accumulated interest, of a $5,000 insurance policy issued to him by defendant on February 28, 1912, insuring the stock and buildings of his retail lumber business in the village of Melvin, Sanilac county, where he conducted a lumber yard. The policy insured this property against loss or damage by fire or lightning for a period of five years, $950 of the insurance being placed upon his building and sheds, and $4,050 on his stock of lumber, etc. The premium was payable annually, in advance as called for; the total amount, however, not to exceed the amount of plaintiff's deposit note given under the terms of the policy. All premiums were paid when due.

On November 11, 1915, the buildings and stock were entirely destroyed by fire. No question is raised as to the extent and honesty of the loss. It is admitted to have exceeded the combined insurance upon the property, and that ten-twelfths of the value of the stock or personal property destroyed by the fire was in excess of the insurance upon it under the policy.

It was shown without question that at the time plaintiff made application for and obtained the policy upon which this action is brought he represented himself to be and was the sole owner of all the property described in the policy, and was then engaged in the retail lumber business at Melvin in his own name, so continuing alone until 1914, when he disposed of a one-twelfth interest in the stock and business to his

son, William, in return for his services in that business, which was thereafter conducted in the name of the H. J. McPhee Lumber Company. About a year later he "took in" and sold a one-twelfth interest in the personal property to another young man named Dennis, continuing to operate under the same firm name as before. They "had no writings" except the statutory certificate filed with the county clerk showing who composed the partnership.

Plaintiff did not notify defendant that he had taken these young men into partnership with him or obtain its consent to the transfer of a one-twelfth interest in the personal property to each of them, but the premiums on the policy were paid thereafter under the name H. J. McPhee Lumber Company. A check for premium, dated February 18, 1915, payable to defendant and signed by "H. J. McPhee Lumber Company," with a receipt therefor given by defendant to "Hugh Mc-Phee," dated February 20, 1915, were produced in evidence. On the check appeared in print, "H. J. Mc-Phee, dealer in lumber and building material."

Defendant declined to pay the loss on the ground that at the time it occurred a change had taken place in the interest of the property insured by the voluntary act of plaintiff without its knowledge or consent, and this action was brought.

The facts were concededly undisputed, and at the conclusion of the evidence plaintiff moved the court to direct a verdict in his favor for the amount of the policy with interest, while defendant moved the court to direct a verdict in its favor for the following reasons:

"That the policy in suit was void at the time of the fire because the plaintiff was not then the sole and unconditional owner of the personal property described in the policy.

"That the plaintiff had, before the fire, without the

knowledge or consent of the defendant, sold and delivered a one-twelfth interest in the insured property to each of two persons, William J. McPhee and Melvin Dennis, respectively, and these interests were outstanding in partnership form at the time of the fire.

"The personal property described in the policy was owned at the time of the fire by a copartnership, the H. J. McPhee Lumber Company, composed of H. J. McPhee, the plaintiff, W. J. McPhee, and Melvin E. Dennis."

It being undisputed that plaintiff was sole owner of the buildings, and had transferred to the two young men but a one-twelfth interest each in the personal property, leaving in him a largely preponderating insurable interest, the trial court said in part:

"Plaintiff still having such an insurable interest, under Act No. 128, Pub. Acts 1911 (2 Comp. Laws 1915, § 9481), the burden was on the defendant to show that the insurer had been injured by the nominal transfer, and that the loss occurred by reason of such nominal breach. No proof of such injury or that the loss occurred by reason of such breach was made in the case."

A verdict was thereupon directed in plaintiff's favor for the full amount of the policy.

Defendant thereafter moved for a new trial, renewing and elaborating the reasons urged in its motion for a directed verdict, which was also denied.

Plaintiff was insured under a Michigan standard policy in form prescribed by Act No. 246, Public Acts 1911 (2 Comp. Laws 1915, § 9475), which contains a lengthy paragraph providing that the entire policy shall be void upon the breach of any one of 14 different detailed conditions, the tenth of which is in part:

"Or, if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupant without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured, or otherwise."

These conditions are disjunctively conjoined by "or if," and the paragraph concludes with the following qualifications:

"*Provided,* A loss shall occur on the property insured while such breach of condition continues, or such breach of condition is the primary or contributing cause of the loss."

Defendant contends that under this contract of insurance, which it was required by statute to adopt, the entire policy is void, because a change in the interest or title of the property insured took place without its knowledge or consent, by the voluntary act of plaintiff in transferring to each of the young men he took into partnership a twelfth interest in the personal property insured.

It is not claimed to have been shown, nor is it inferable in any manner from the fact as proven, that the hazard (moral or otherwise) was increased by the alleged breach of condition, nor that the same was in any way a primary or contributing cause of the loss, but it is a fact that the loss occurred while it continued, and upon this defendant predicates the contention that the policy was then inoperative.

Although no exception is directly made, we assume it is not intended to include in this contention the buildings. When the loss occurred plaintiff was the sole owner of them, they were being used for the same purpose, in the same business. As to them the ownership and actual contracts remained as when the policy was issued insuring them divisibly for a separately specified amount.

It needs no citation of authorities to sustain the proposition that plaintiff had in any aspect of the case an insurable interest in the personal property at the time of the fire, by which he sustained a pecuniary loss exceeding the amount of the policy. He not only owned the buildings outright, but had a five-sixths interest in

the personal property which exceeded in value the insurance on all of it. One partner may insure his interest in partnership property in his own name. *Columbian Ins. Co.* v. *Lawrence*, 2 Pet. (U. S.) 25; *Warren* v. *Insurance Co.*, 31 Iowa, 468 (7 Am. Rep. 160). As limited by the amount of the policy, his loss was as large as though he had been the sole owner, and by reason of his dominant ownership he was as much interested in and had as full possession and control of this business and property as before. But defendant contends that he had changed the title to the subject of insurance by taking in these two young men as partners, with a one-twelfth interest each, thus making the stock partnership property, and so breached a condition of his policy; that the partnership interest he had at the time of the fire was not the interest it insured; that it insured the property itself to him as sole owner, and therefore, although the breach did not contribute to the loss, defendant is entitled to stand upon the forfeiture stipulated in the policy in case of a change in title and interest in the property insured, as here shown.

Forfeitures are not, as a general rule, favored in law (*Insurance Co.* v. *Norton*, 96 U. S. 234; *Imperial Fire Ins. Co.* v. *Coos County*, 151 U. S. 452 [14 Sup. Ct. 379]), and courts are reluctant to enforce them if the rights of parties can otherwise be protected; but the phraseology of contracts of insurance and supporting statutes have often made that duty imperative as the many decisions cited upon the subject by defendant's counsel, from this and other jurisdictions, make manifest. The legislature of 1897 apparently took note of this and passed a law, Act No. 167, entitled.

"An act to prevent the forfeiture of fire insurance policies by the violation of any condition of the policy when such violation has been without prejudice to the insurer."

The construction put upon section 1 of this act left the law of forfeiture substantially as before, and Act No. 128, Public Acts 1911, was passed, amending said section 1 to read:

"No policy of fire insurance shall hereafter be declared void by the insurer for the breach of any condition * * * where a loss has not occurred during such breach and by reason of such breach of condition."

So amended, the act was construed by this court in *Lagden* v. *Insurance Co.*, 188 Mich. 689 (154 N. W. 87, 158 N. W. 848), to mean:

"(*a*) That no forfeiture is to take effect if the insurer has not been injured by a breach of condition.

"(*b*) That no forfeiture is to take effect if the fire was not caused by a breach of condition, even though the breach was existing at the time of the fire."

It is also there said:

"By this provision the legislature has prescribed the conditions under which such a defense can be made, and it has in effect read this provision into each condition of the policy."

Neither is the construction nor act itself limited to any particular kind of fire insurance policies or companies. The act begins with the broad and positive prohibition that "no policy of fire insurance shall hereafter be declared void by the insurer for any breach of condition of," etc., and the decision construes this legislation as prescribing the conditions under which such a defense can be made. Those conditions for defense do not exist in this case.

The contention against this construction, which is here renewed, was strenuously urged, argued, and extensively briefed on hearing and rehearing in the *Lagden Case*. Admittedly the questionable and sometimes inharmonious use of "or" and "and," which infests our insurance legislation, gives opportunity for di-

versity of opinion as to the legislative intent, but in that case it was found and held by the majority opinion of this court that the clearly obvious purpose of the amendment was to accomplish what the title of the act indicated, and avoid the construction for which defendant is here contending. This court, as such, finds no occasion to overrule that decision, which is controlling against the contention defendant renews here, and the judgment of the lower court will therefore stand affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, BROOKE, and FELLOWS, JJ., concurred.