RACHOW *v.* CHARLEVOIX CIRCUIT JUDGE.

1. VENUE—CHANGE OF VENUE—DISCRETION OF COURT.

It is discretionary with the trial court to grant a change of venue, and courts of review will not disturb the action of the trial court in the exercise of such discretion, except in cases of plain abuse.

2. SAME—MANDAMUS—DISCRETION OF COURT—ABUSE.

On mandamus to compel the trial judge to vacate an order denying a change of venue, showing *held*, insufficient to show an abuse of discretion.

Mandamus by Warren J. Rachow to compel Frederick W. Mayne, circuit judge of Charlevoix county, to vacate an order denying a change of venue. Submitted January 27, 1920. (Calendar No. 28,950.) Writ denied February 27, 1920.

*Wilkinson, Routier & Hinkley,* for plaintiff.

*J. M. Harris* and *Lisle Shanahan,* for defendant.

CLARK, J. In September, 1917, Robert B. Armstrong, a practicing physician of the city of Charlevoix, commenced a suit at law against Warren J. Rachow, then a resident of Detroit, but who had resided in Charlevoix from 1908 to 1917. A trial resulted in verdict and judgment for plaintiff in that cause. Review was had in this court (*Armstrong* v. *Rachow,* 205 Mich. 168) where the judgment of the lower court was reversed and a new trial ordered. Counsel for Mr. Rachow then filed a motion for change of venue under section 12341, 3 Comp. Laws 1915. The motion was denied by the defendant circuit judge. It is now sought by mandamus to compel the circuit judge to vacate the order denying the motion for change of venue and to enter an order granting the

motion. The right of the plaintiff to review the order of the circuit judge by writ of mandamus is not questioned in this cause and we will consider this application upon its merits. It is discretionary with the trial court to grant a change of venue, and courts of review will not disturb the action of the trial court in the exercise of such discretion except in cases of plain abuse. *People* v. *Gage,* 188 Mich. 641. Unless it can be said that there was an abuse of discretion the writ must be denied. The motion for change of venue was supported by affidavits to the effect that a fair and impartial trial could not be had in the county because of the standing and influence of Dr. Armstrong; because of prejudicial articles which had been printed by newspapers of the city of Charlevoix having general county circulation; because Dr. Armstrong was the family physician of nearly every family in the city of Charlevoix and because slanderous statements had been circulated which were prejudicial to Mr. Rachow. It is also said that the circuit judge was prejudiced and not a proper person to sit in the trial of the cause; that his prejudice was shown by statements made in conversation respecting the case, by advice to Dr. Armstrong as to the employing of counsel and by the action of the circuit judge, after making return to the order to show cause as provided by section 13437, 3 Comp. Laws 1915, in making personally and incorporating in the record a second return and then a third return. Affidavits were presented to the court in opposition to the motion to the effect that a fair and impartial trial could be had in the county, denying that slanderous statements had been made and denying that there was any public interest or clamor respecting the case which would make a fair and impartial trial improbable. By these affidavits it was also said that there were two other physicians in the city of Charlevoix and at least 10 other physicians engaged in practice in the county of

Charlevoix. That Dr. Armstrong enjoyed an influence or standing beyond that of other useful citizens was also denied. Dr. Armstrong in his affidavit stated that he had no general acquaintance throughout the county, that his practice was confined to the city of Charlevoix and about 6 townships in its immediate vicinity and that he was in no way responsible for newspaper articles which had appeared in the papers of the city of Charlevoix. It was also said that the newspapers did not have a general circulation outside of the city and its vicinity and that the articles were not such as would prevent a fair and impartial trial. The important newspaper article seems to have been brought out by favorable references to Mr. Rachow in the same paper. Charlevoix county is said to have a population of upwards of 19,000 and the city of Charlevoix a population of approximately 2,500. In the county are two other cities, East Jordan with a population of upwards of 2,500 and Boyne City with a population of upwards of 5,000. The litigation grew out of a personal business transaction between the parties. We do not think prejudice upon the part of the circuit judge was shown. Plaintiff did not apply to the judge of an adjoining circuit for transfer of the cause because the defendant circuit judge had been consulted, or was interested, or for other reason as provided by sections 12342, 12343, 3 Comp. Laws 1915, but addressed his motion for change of venue to the discretion of the defendant circuit judge. And it should be noted that defendant has requested that the presiding circuit judge assign some other circuit judge to the Charlevoix circuit to try this case. We do not find that in denying the motion for a change of venue there was an abuse of discretion.

The writ is denied.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.