MICHIGAN FIRE & MARINE INSURANCE CO. *v.* SLAUGHTER.

INSURANCE—BREACH OF CONDITION IN POLICY—TRANSFER WITHOUT NOTICE—SUBROGATION.

Under Act No. 128, Pub. Acts 1911 (2 Comp. Laws 1915, § 9481 *et seq.*), the breach of a condition in a fire insurance policy by the insured in transferring his interest as owner without notice to the insurer, retaining a mortgage interest as security for the unpaid balance of the

purchase price, does not void the policy, since the insurer
is entitled to subrogation *pro tanto* to the insured's mort-
gage security, and therefore was not injured by the
transfer.

Error to Wayne; Dingeman (Harry J.), J. Sub-
mitted October 19, 1922. (Docket No. 67.) Decided
December 29, 1922.

Assumpsit by the Michigan Fire & Marine Insur-
ance Company against George W. Slaughter for an
amount paid under a policy of insurance. Judgment
for defendant on a directed verdict. Plaintiff brings
error. Affirmed.

*Oxtoby, Robison & Hull,* for appellant.

*Monaghan, Crowley, Reilley & Kellogg,* for appellee.

McDONALD, J. On June 29, 1914, plaintiff issued to
defendant a policy of fire insurance in the Michigan
standard form in the sum of $5,000, against loss or
damage by fire to the following buildings and property
on his farm in Oakland county: Dwelling $2,000,
grain barn $1,200, hay, grain and feed in the barn
$500, and horse and cow barn $1,300. On or about
April 10, 1916, defendant sold and conveyed the land,
including the dwelling house, to the Oakland Develop-
ment Company for $74,250, to be paid as follows:
Cash $24,750, and the balance secured by mortgage of
$49,500, which mortgage is still unpaid. At the same
time, by agreement, the defendant reserved the title
to the barns. He did not assign the fire insurance
policy or any interest therein to the purchaser, and
did not notify the plaintiff company of any change in
the title. On September 2, 1916, the dwelling, barns
and contents, including the horse and cow, were de-
stroyed by fire. The proofs of loss, which were pre-
pared by the plaintiff and signed by the defendant,

stated that he owned the property; that there had been no change in title, and that no other person had any interest therein. Plaintiff paid the loss, amounting to $5,000, without any knowledge of the sale, mortgage and reservation of title to the barns. When it learned of that fact, it brought this suit to recover the amount paid, except for the $500 loss to the hay, grain and feed, the title to which had not changed.

On the trial defendant offered no testimony. Both parties moved for a directed verdict. The court directed a verdict for the defendant, basing his action on the application of the provisions of Act No. 128 of the Public Acts of 1911 (2 Comp. Laws 1915, § 9481 *et seq.*) to the undisputed fact that there was no connection between the loss and the breach of condition by the defendant. The plaintiff appeals.

In this court the plaintiff waives recovery for the amount paid on loss to the barns and contents, amounting to $2,500, but insists that it has a right to a return of the $2,000 paid for loss to the dwelling, the title to which was transferred by the defendant to the Oakland County Development Company, and in which the defendant had but a mortgage interest at the time of the fire. It is the plaintiff's claim

"that it insured defendant as owner of the house. That defendant, after his sale of the house to the Oakland County Development Company, had no right to retain his policy (originally issued to him as owner), and treat the same thereafter as insurance of his mortgage interest, at the same time denying to the plaintiff its rights as an insurer of such interest."

The question raised by the plaintiff's assignments of error involves the construction to be placed on Act No. 128, Pub. Acts 1911, as applied to the facts and circumstances of this case. It is undisputed that at the time of the fire the defendant was not the owner of the house, but had a mortgage interest in it, that the plaintiff had insured him as owner and had not

agreed to insure his mortgage interest, and that it paid to the defendant the $2,000 loss on the house, relying on his sworn statement that there had been no change in title.

The statute in question, Act No. 128, Pub. Acts 1911, reads in part as follows:

"No policy of fire insurance shall hereafter be declared void by the insurer for the breach of any condition of the policy if the insurer has not been injured by such breach, or where a loss has not occurred during such breach, and by reason of such breach of condition."

The question as to whether such a breach of the conditions of the policy as is here shown by the undisputed evidence works a forfeiture of the contract was directly passed upon by this court in *Lindemann* v. *Insurance Co.*, 217 Mich. 698. In that case Emma Lindemann secured insurance from the company on certain buildings of which she was owner. Thereafter she transferred the title to her sons, taking back a mortgage for $30,000. No notice of this was given to the insurance company. Subsequently the buildings were damaged by fire. The insurance company refused payment, claiming that by transferring her interest as owner without notice and retaining only a mortgagee's interest, Mrs. Lindemann had breached the conditions of her contract, resulting in a forfeiture of the insurance. This court held that the policy contract was entered into with the provisions of the statute in mind, and that the defendants could not claim a forfeiture for breach of condition in transferring title without notice.

In the instant case, however, the plaintiff claims that the statute does not apply because it has been injured by the breach unless it be held that it is entitled to subrogation *pro tanto* to defendant's $49,500 mortgage. The property was insured to defendant as

owner; it was a personal contract, did not pass with the title and was not assigned to the purchaser. There was no agreement with the purchaser as to the insurance. The defendant, therefore, is under no legal obligation to account to the purchaser for the insurance money received, nor can he be compelled to credit it on the mortgage, though if the policy is now valid it insures his mortgage interest, which is in effect his mortgage debt. So unless the plaintiff's right to subrogation be recognized, the defendant profits to the extent of $2,000 by his breach of contract, because he may retain the money recovered without crediting it upon the $49,500 mortgage which he may still collect in full. Because of these facts, the plaintiff is entitled to subrogation *pro tanto* to defendant's security. In this view of the case, the breach by defendant of the condition of the policy relating to transfer of title was without prejudice to the plaintiff. As we have heretofore indicated, the case is controlled by *Lindemann* v. *Insurance Co.*, *supra*. See, also, *McPhee* v. *Insurance Co.*, 198 Mich. 215.

The judgment of the circuit court is affirmed, with costs to the defendant.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.