YEARND v. NORTHERN INSURANCE CO. OF NEW YORK.

1. Insurance—Breach of Condition—Construction—Right to Cancel Policy.

The provision in Act No. 264, Pub. Acts 1921, that no fire insurance policy shall be declared void by the insurer for the breach of any condition if the insurer has not been injured by the breach, does not affect the contract and statutory right of the insurer to cancel before loss, but it relates to denial of liability or defense after loss.

2. Same—Causal Relation Between Breach and Loss Must Exist to Render Breach Available as Defense.

Under Act No. 264, Pub. Acts 1921, in order that a breach of any condition in the policy be available to the insurer in defense to an action on the policy, there must be a causal relation between the breach and the loss.

3. Constitutional Law—Statutes—Question for Legislature.

That legislation is novel, radical, and unwise is for the legislature rather than the courts.

Error to Wexford; Lamb (Fred S.), J. Submitted October 12, 1927. (Docket No. 102, Calendar No. 33,282.) Decided January 3, 1928. Submitted on rehearing October 24, 1928. Former opinion affirmed January 7, 1929.

Assumpsit by William H. Yearnd, administrator of the estate of Janet Kneeling, deceased, against the Northern Insurance Company of New York on a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*Pailthorp & Pailthorp,* for appellant.

*W. H. Yearnd,* for appellee.

*Henry C. Walters, amicus curiæ.*

ON REHEARING.

CLARK, J.   The opinion in this case appears in 241 Mich. 413.   This court, after rule time, and on its own motion, ordered a rehearing, and invited Hon. Henry C. Walters of the Detroit bar to brief and to argue orally as friend of the court the question presented.   He filed an excellent brief, and made a well-considered argument.   The question is on the construction of Act No. 264, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9100 [254]), quoting:

"No policy of fire insurance shall hereafter be declared void by the insurer for the breach of any condition of the policy if the insurer has not been injured by such breach, or where a loss has not occurred during such breach, and by reason of such breach of condition."

The history of this statute is set forth in *Lagden* v. *Insurance Co.,* 188 Mich. 689.   It was first enacted in 1897.   In its present and amended form it was enacted in 1911, and continued until the legislative session of 1917, when it was omitted, inadvertently it is said, from Act No. 256, Pub. Acts 1917, known as the insurance code.   It was re-enacted in 1921 in the exact language of the act of 1911.

The statute has two features:

*First,* no policy of fire insurance shall be declared void by the insurer for breach of any condition of the policy if the insurer has not been injured by the breach.

*Second,* no policy of fire insurance shall be declared void by the insurer for the breach of any condition of the policy where a loss has not occurred during such breach *and* by reason of such breach of condition.

The statute does not affect the contract and statutory right of the insurer to cancel before loss. It does relate to denial of liability or defense after loss.

The second feature of the statute, above stated, is certainly to the effect that, after loss, the insurer may not deny liability and defend "if the fire was not caused by a breach of condition even though the breach was existing at the time of the fire" (quoting from the *Lagden Case*). This part of the statute is that to deny liability or to defend on a loss there must be a causal relation between the breach and the loss. That the legislature so intended is plainly indicated by the language of that part of the statute and by its changing by the act of 1911 the word "or" to "and," italicized above.

The difficulty is not of the proper interpretation of this feature of the statute, but of the first feature above stated. That feature, stated affirmatively, is that the insurer may deny liability and defend for the breach of any condition of the policy by showing the breach and that the insurer has been injured thereby. There are no conditions in the standard form of fire insurance policy the breach of which does not injure the insurer. It is not to be considered that any condition of such policy, prescribed by the legislature and contracted by the parties, is so immaterial that a breach is without injury. It cannot be doubted that a breach of conditions against increase in hazard such as keeping explosives, gas, etc., on the premises, or against vacancy is an invasion of a right of the insurer and is an injury. It is equally the rule that a breach which merely increases the moral hazard, such as a breach of conditions against mortgage, change in interest, or other insurance, does the insurer an injury. A good statement in this regard appears in the dissenting

opinion of Mr. Justice OSTRANDER in the *Lagden Case*:

"It cannot be presumed that a breach of a condition which increases the moral hazard does the insurer no injury. Quite the contrary. Courts have uniformly avoided the policy upon breach of such conditions, upon the ground that an essential and material change of the contract was thus effected and the insurer prejudiced."

Breach therefore results in injury. If the first feature of the statute be given effect according to its words, insurers may defend on any breach of condition; their situation in that regard is precisely as if the statute had not been enacted, and the statute itself is perfectly meaningless. The effect of the holding of the majority opinion in the *Lagden Case* is to wipe out the first feature of the statute and to give full effect to the second, thus saving part of the statute. This is shown by the following quotation from the majority opinion:

"The plaintiff, by introducing the policy and showing his loss, makes a *prima facie* case, which entitles him to recover in the absence of proof of a breach of the contract. The burden is then upon the defendant to show that the policy has been avoided by a breach of its conditions. In order to make that defense effective, it is necessary to further show some connection between the loss and the breach of the condition, and this burden would seem to properly rest upon the defendant."

Therefore, that breach be available in defense there must be a causal relation between the breach and the loss. This holding was followed in the case at bar. See cases cited in main opinion.

It is suggested that we now overrule those cases and construe the word "injured" as used in the

statute to mean "damaged" and further construe damages to mean measurable financial loss. We are not moved so to do, especially in view of the fact that the legislature in 1921 re-enacted the statute in the exact words of the statute of 1911 having before it the construction by the court in the *Lagden Case.*

It is pointed out that the rule of such case would work great injustice in some instances. One is where in consideration of reduced rate a condition is put into the policy that insured is to maintain in good order a sprinkling system. A fire, perhaps otherwise easy to control, becomes a conflagration because of breach of the condition for sprinkler system. The breach was not the primary cause of the fire, but it was a contributing cause. Another instance, set up in like manner, is a breach of the condition against keeping naphtha, benzine, and like substances on the premises. We cannot decide the matter of contributing cause until it is before the court.

Counsel urge, too, that this legislation is novel, radical, and unwise, all of which is for the legislature, not the courts.

If the construction of the statute in the *Lagden Case* and in later cases is at variance with legislative purpose, it would be helpful to the courts and to our people interested in fire insurance, if the legislature, now in session, would give clear expression of its intention in this regard.

We adhere to our former opinion.

Affirmed.

North, C. J., and Fead, Fellows, Wiest, McDonald, Potter, and Sharpe, JJ., concurred.