YEARND *v.* NORTHERN INSURANCE COMPANY OF
NEW YORK.

1. INSURANCE—FIRE INSURANCE—BREACH OF CONDITION—STATUTES
—FORFEITURE NOT DECLARED FOR BREACH OF CONDITION NOT
CAUSE OF FIRE.

> In an action on a policy of fire insurance, tried before the
> court without a jury, and defended on the ground that
> the policy was void because of a breach of condition
> therein, in that the premises were vacant for a longer
> time than prescribed in the policy without notice to the
> insurer, a finding that the evidence did not show that
> the fire occurred by reason of such breach of condition and
> that plaintiff was therefore entitled to recover, under Act
> No. 264, Pub. Acts 1921, was justified.

2. APPEAL AND ERROR—WEIGHT OF EVIDENCE—FINDING OF COURT.

> Where a finding of fact by the trial judge is not against
> the clear weight of the evidence, it is conclusive, on
> review.

Error to Wexford; Lamb (Fred S.), J.    Submitted
October 12, 1927.    (Docket No. 102.)    Decided January 3, 1928.

Assumpsit by William H. Yearnd, administrator of
the estate of Janet Kneeling, deceased, against the
Northern Insurance Company of New York on a
policy of insurance.    Judgment for plaintiff.    De-
fendant brings error.    Affirmed.

*Pailthorp & Pailthorp,* for appellant.

*W. H. Yearnd,* for appellee.

CLARK, J.    On August 15, 1924, defendant insur-
ance company issued a fire insurance policy to plaintiff
insuring for three years against loss and damage by

[1]Fire Insurance, 26 C. J. § 254; [2]Appeal and Error, 4 C. J. §
2857; L. R. A. 1916B, 563; 2 R. C. L. 193; 1 R. C. L. Supp. 433;
4 R. C. L. Supp. 90; 5 R. C. L. Supp. 79; 6 R. C. L. Supp. 73.

fire, in the sum of $500, on a frame dwelling in Cadillac. The policy contained the following:

"If the premises are vacant for a period exceeding sixty days or unoccupied for a period exceeding six months, at any one time, the policy is void unless a special form of permission is attached hereto.

"Unless otherwise provided by agreement in writing added hereto this company shall not be liable for loss or damage occurring    *    *    *    (b) while the hazard is increased by any means within the control or knowledge of the insured."

A total loss by fire occurred on October 25, 1926. The evidence does not disclose the cause of the fire. At the time the house was vacant.    It had been vacant and unoccupied for nearly a year.    At times the doors were not locked and "were open and the children going in and out—anybody that wanted to."

This suit is on the policy, and defendant, with the plea of general issue, gave notice of defenses based on the conditions of the policy above quoted.    Defendant had undisputed testimony of a general practice and custom of fire insurance companies with respect to vacancy:

"Yes—there are two ways, one is, he gets a permit on his policy and they then charge him—reduce the policy one-third.    The other way they do is, they make him a charge for 60 or 90 days, according to the insurance, but the company must be notified.    That is absolutely general—there are no exceptions.    *    *    *

"Q. Why does the company either raise the rate or cut down the insurance when they have notice of it?

"A. On account of the increased hazard."

The trial was without a jury.    The court made findings on which judgment for plaintiff was entered. Defendant brings error.

Act No. 264, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9100 [254]), provides:

"No policy of fire insurance shall hereafter be de-

clared void by the insurer for the breach of any condition of the policy if the insurer has not been injured by such breach, or where a loss has not occurred during such breach, and by reason of such breach of condition."

This same provision, then found in Act No. 128, Pub. Acts 1911 (2 Comp. Laws 1915, § 9481), although the title of the later act is not like that of the former, was considered in *Lagden* v. *Insurance Co.,* 188 Mich. 689, since cited and approved. It was there held that the legislative purpose was to prevent "forfeitures of fire insurance policies for violation of conditions which did not cause the fire" and it was said that the act makes clear:

"(a) That no forfeiture is to take effect if the insurer has not been injured by a breach of condition.
"(b) That no forfeiture is to take effect if the fire was not caused by a breach of condition, even though the breach was existing at the time of the fire."

Defendant contends on its testimony above quoted that it has been injured by the breach in that it, having no knowledge of vacancy, was denied an opportunity to have reduction of insurance or increase of rate because of the vacancy. But the sum of (a) and (b), above quoted from the *Lagden Case,* is that no forfeiture is to take effect if the fire was not caused by a breach of condition. This is also the effect of the holding in *McPhee* v. *Insurance Co.,* 198 Mich. 215, where the statute in question was quoted as being:

"No policy of fire insurance shall hereafter be declared void by the insurer for the breach of any condition * * * where a loss has not occurred during such breach and by reason of such breach of condition."

While defendant may have been injured as claimed, such injury did not cause the fire. The trial judge found that the evidence does not show that the fire

occurred by reason of the breach of condition. The finding is not against the clear weight of the evidence and is therefore conclusive here.   See *Residence Fire Ins. Co.* v. *Hannawold*, 37 Mich. 103; *Becker* v. *Insurance Co.*, 48 Mich. 610; 26 C. J. p. 208.

It follows that the judgment is affirmed.

FLANNIGAN, C. J., and FELLOWS, WIEST, MCDONALD, BIRD, and SHARPE, JJ., concurred.

The late Justice SNOW took no part in this decision.