HILLMAN TOWNSHIP BOARD *v.* EMPIRE MUTUAL FIRE
INSURANCE CO.

1. INSURANCE—FIRE INSURANCE—USE OF BUILDING.
    Use of insured building as public hall was within terms of
    insurance policies describing it, among other things, as hall.

2. SAME—BREACH OF CONDITION—EFFECT OF REPEAL OF STATUTE.
    Rights of insured and insurer which became fixed while Act
    No. 264, Pub. Acts 1921, was in force, are not affected by its
    repeal.

3. SAME—BURDEN OF SHOWING BREACH ON INSURER.
    In action on fire insurance policies, where insurer claims breach
    of condition, it has duty of showing that there was causal re-
    lation between breach and loss (Act No. 264, Pub. Acts 1921).

4. APPEAL AND ERROR—QUESTION OF FACT.
    Where evidence presented question of fact for jury, its deter-
    mination is binding on appellate court.

5. VENUE—CHANGE OF VENUE—SPECIAL MOTION.
    Ordinarily, application for change of venue is special motion
    requiring four-day notice together with copies of affidavits
    upon which motion is based (Circuit Court Rule No. 38
    [old rule], now Court Rule No. 34).

6. SAME—DISCRETION OF COURT.
    Granting or refusing change of venue rests in sound judgment
    and discretion of trial court, and its action will not be dis-
    turbed, on review, in absence of showing of abuse of discretion.

7. SAME—JURORS—PUBLICITY—ABUSE OF DISCRETION.
    Denial of motion for change of venue in civil case, on ground
    that jurors had read newspaper articles discussing case, *held*,
    not abuse of discretion.

8. INSURANCE—TRIAL—INSTRUCTIONS.
    In action on fire insurance policies on town hall, where insurer
    claimed breach of condition in that building was used as
    public hall, charge of court in reference thereto, *held*, war-

ranted under the circumstances; insurer's agent having had full knowledge of use and character of building, which was not misdescribed in policies.

Error to Montmorency; Smith (Fred P.), J.  Submitted January 16, 1931.   (Docket No. 37, Calendar No. 35,349.)   Decided February 27, 1931.

Assumpsit by Hillman Township Board and another against Empire Mutual Fire Insurance Company, a Michigan corporation, on two policies of fire insurance.   Judgment for plaintiffs.   Defendant brings error.   Affirmed.

*Carl R. Henry* (*Guy D. Henry*, of counsel), for plaintiff.

*Kinnane & Leibrand* (*Elmer G. Smith*, of counsel), for defendant.

POTTER, J.   Plaintiffs sued defendant to recover their loss and damage, alleged to have been insured against, by defendant, resulting from the burning of a hall at Hillman, Michigan.   Defendant pleaded the general issue and gave notice that at the time of the fire a picture show was being operated in the building insured in violation of Act No. 257, Pub. Acts 1913 (2 Comp. Laws 1929, § 8867 *et seq.*); plaintiffs were guilty of gross negligence causing the loss; the building insured was occupied for other purposes than those for which it was insured, and plaintiffs negligently permitted a motion picture machine to be operated therein, by an incompetent person, in violation of law.

Defendant issued two policies, one to the township board of Hillman township, and the other to Hillman township, and for this reason both are named

as plaintiffs. Suit was brought in the name of the insured as stated in each of the policies of insurance. One policy described the property as "The two story, stucco frame, metal roof building used as the town's officers' offices, hall and voting place;" the other described the property as "the two-story, metal roof, stucco, frame building used as a hall." Both policies were written by John Pettinger, agent for defendant, who testified he was familiar with the premises covered by the policies, had been in the hall prior to the fire, and thought he was in the hall when he solicited the insurance. The policies do not misdescribe the property insured or its use. Its use as a public hall at the time of the fire was within the terms of the policies. Much testimony was taken on the trial, which resulted in a verdict and judgment for plaintiffs. Defendant brings error.

If there was substantial evidence tending to support the verdict, it cannot be set aside, even though upon the record we might be in doubt as to the ultimate facts. The determination of such facts must be based upon the evidence and found by the jury. It was the theory of defendant, on the trial, that at the time of the fire a moving picture machine was being operated in the building, and by reason of the ignition of the films of this motion picture machine, the fire was generated which burned the building; and the moving picture films unlawfully established an increased hazard, not included in the risk taken by the insurer. On the other hand, plaintiffs contended, and introduced evidence tending to show, the presence of the moving picture machine and the films used in its operation had nothing to do with the fire; the building caught fire in the attic, the steel ceiling became so hot the paint began to fall off and the fire dropped down from the attic before

the films of the moving picture machine took fire. It was plaintiffs' claim, and they introduced testimony tending to show, that though the moving picture machine had been operated, that part of the program of entertainment in progress when the fire occurred in which the moving picture machine was used had been concluded some time before fire was discovered; that all of the reels or films had been taken out of the machine and all but two placed in metal containers; that two of the films were rolled up on the table near the machine; that these films became ignited from sparks and burning embers from the attic falling thereon; that the burning films were extinguished by use of a chemical fire extinguisher; that the fire in the attic burned through the roof; the water pressure was off by reason of the repair of the water mains in the village, the people were unable to get water on the fire until it was too late, and as a result the fire destroyed the building; that the presence of the moving picture films in the building neither caused the fire nor contributed to increase the hazard. Defendant claims the picture films caused the fire. Plaintiffs claim the fire burned the building and contents, including the picture films.

Act No. 264, Pub. Acts 1921, provided:

"No policy of fire insurance shall hereafter be declared void by the insurer for the breach of any condition of the policy if the insurer has not been injured by such breach, or where a loss has not occurred during such breach, and by reason of such breach of condition."

This statute was in force at the time the fire occurred, June 5, 1929, although it is said to have been repealed by amendments to the insurance code of 1929, 3 Comp. Laws 1929, § 12572. Such repealing

act did not go into effect until August 28, 1929, and the rights of the parties had been fixed while the act of 1921 was in force. The statute above quoted has been considered and construed, and, briefly stated, it became the duty of defendant to show there was a causal relation between the breach of the condition of the policy by the insured and the loss to the insurer. *Yearnd* v. *Northern Insurance Co.*, 241 Mich. 413, 245 Mich. 566. Whether there was such causal connection between the alleged breach of condition of the policy and the loss to the insurer was a question of fact for the jury, under the evidence. The jury determined this disputed question of fact in favor of plaintiffs, and we are bound to give effect to such finding.

The defendant, when this case was called for trial, made an application for a change of venue, claiming public sentiment was hostile to defendant and it did not discover the reason for such hostility until the day before, when its attorney read newspaper comments on the case. Motions for change of venue were, at the time this case was tried, governed by Circuit Court Rule No. 38, which is now Michigan Court Rule No. 34. Ordinarily, applications for change of venue are special motions and four days' notice must be given, together with copies of the affidavits upon which the motion is based. *Peterson* v. *St. Clair Circuit Judge*, 143 Mich. 79. But conceding the defendant acted as soon as it was possible to act, the granting or refusal to grant a change of venue rested in the sound judgment and discretion of the trial court. As said in *Rachow* v. *Charlevoix Circuit Judge*, 209 Mich. 157:

"It is discretionary with the trial court to grant a change of venue, and courts of review will not disturb the action of the trial court in the exercise of such discretion except in cases of plain abuse."

It is claimed some of the jurors read newspapers containing articles discussing the fire and resulting litigation. In *People* v. *Rich,* 237 Mich. 481, and *People* v. *Connors,* 251 Mich. 99, applications were made for change of venue in criminal cases upon the ground some of the jurors had read the newspapers. The court observed that this was a time of great publicity, that every criminal case was discussed in the newspapers and that it was no reason why a juror could not sit in the case that he had read newspaper comments. A juror is not disqualified in a criminal case even though he may have formed an opinion from what he has read, if, notwithstanding that, he can hear the evidence and the charge of the court and render a fair and impartial verdict according to the law and the evidence. 3 Comp. Laws 1929, § 17303.

If, where human liberty is involved, a reading of newspapers is not sufficient to disqualify a juror, how, in a civil case, can it amount to a disqualification? The trial court did not abuse its discretion in refusing a change of venue.

Complaint is made of the argument of plaintiffs' counsel. There was nothing inflammatory about such argument. It was a clear and concise statement of what plaintiffs claimed. Complaint is made of the charge of the court in relation to this building being used as a public hall and for public purposes other than as a town hall. Under the circumstances the charge of the court was warranted. Defendant's agent knew all about the building, the purposes for which it was used, and its character. One of the policies sued upon not only described the building as one used as the town's officers' offices, but as a hall and voting place, and the other described it as used as a hall. From the terms of these policies defendant must be held to have had full

knowledge of the use and character of the building insured. We have been unable to discover any reversible error on the trial, and judgment is affirmed, with costs.

Butzel, C. J., and Wiest, Clark, McDonald, Sharpe, North, and Fead, JJ., concurred.